EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ponce Advance Medical Group Network, Inc.<br><br>        Peticionaria<br><br>              v.<br><br>Carlos Y. Santiago González, et al.<br><br>        Recurrido | Certiorari<br><br>2017 TSPR 54<br><br>197 DPR ____ |

Número del Caso: CC-2016-0286

Fecha: 12 de abril de 2017

Tribunal de Apelaciones:

     Región Judicial de Ponce

Abogados de la Parte Peticionaria:

     Lcdo. Rolando Emmanuelli Jiménez
     Lcda. Jessica Méndez Colberg

Abogados de las Partes Recurridas:

     Lcdo. Michael Rivera Irizarry

Materia: Derecho probatorio: Procedimiento para invocar y conceder, de ordinario, un privilegio probatorio en nuestro ordenamiento legal. Alcance del privilegio de secretos de negocios.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Ponce Advance Medical Group
Network, Inc.

        Peticionaria

          v.                     CC-2016-0286

Carlos Y. Santiago González,
et al.

        Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 12 de abril de 2017.

Este caso nos permite delinear, por primera vez, el alcance del privilegio de secretos del negocio. Asimismo, aprovechamos esta ocasión para detallar el procedimiento necesario para invocar y conceder, de ordinario, un privilegio probatorio en nuestro ordenamiento legal.

I

La controversia de este caso tiene su génesis en una demanda que Ponce Advance Medical Group Network, Inc. (PAMG) presentó contra el Dr. Carlos Y. Santiago González, como creador y administrador de la página "Medicina Defectuosa" en la red social de Facebook.

En ese entonces, PAMG arguyó que el doctor Santiago González realizó expresiones difamatorias, ante miles de seguidores de la página, que menoscabaron la reputación del grupo médico. En particular, detalló que el doctor Santiago González le imputó actuaciones antiéticas e ilegales a PAMG y a los galenos contratados por esta para rendir servicios médicos. Por esa razón, PAMG solicitó un interdicto preliminar y permanente, así como compensación por los daños que alegó sufrir.

Como parte del descubrimiento de prueba, el doctor Santiago González cursó a PAMG una solicitud de admisiones, un pliego de interrogatorio y una solicitud de producción de documentos. Entre los documentos solicitados se encontraban las planillas de contribución de ingresos de PAMG, una lista de accionistas de PAMG, las minutas de las reuniones de la Junta de Directores de PAMG, los contratos suscritos entre PAMG y los seguros médicos MMM y PMC, así como los contratos suscritos entre PAMG y los médicos que rinden servicios a nombre del grupo.

PAMG condicionó la entrega de documentos a que el doctor Santiago González firmara un acuerdo de confidencialidad. Con eso, PAMG adujo que buscaba proteger la información de terceras personas que no son parte del pleito y sus secretos del negocio. Según precisó PAMG, su principal preocupación era que el doctor Santiago González publicara en la mencionada página de Facebook la información contenida en los documentos solicitados. En

respuesta a esa exigencia, el doctor Santiago González envió una carta a PAMG en la que denunció que ciertas preguntas del interrogatorio fueron contestadas inadecuadamente y exigió, nuevamente, la entrega de los documentos solicitados. PAMG contestó la carta y sugirió concertar una reunión para resolver la controversia sobre el descubrimiento de prueba.

Posteriormente, el doctor Santiago González presentó una moción ante el Tribunal de Primera Instancia al amparo de la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, en la que solicitó que se le ordenara a PAMG contestar correctamente todas las preguntas incluidas en el interrogatorio y producir la documentación solicitada. Ante esa moción, PAMG presentó un escrito en oposición en el cual expresó que no se había negado a entregar los documentos requeridos, sino que solamente condicionó su suministro a la firma de un acuerdo de confidencialidad, ya que los documentos contenían información confidencial de terceras personas y secretos del negocio. Además, indicó que había invitado al doctor Santiago González a una reunión para solucionar la controversia.

El Tribunal de Primera Instancia emitió una orden en la que proveyó ha lugar la moción del doctor Santiago González y ordenó a PAMG contestar los interrogatorios y entregar los documentos en un término de quince días, "sin reserva, ni excepción". Apéndice, pág. 56. A raíz de esa determinación, PAMG presentó una solicitud de

reconsideración y una orden protectora en la que solicitó, entre otras cosas, que se le requiriera al doctor Santiago González firmar un acuerdo de confidencialidad como condición para la entrega de los documentos. El foro primario proveyó no ha lugar a esa solicitud.

Insatisfecha, PAMG recurrió de esa orden mediante un recurso de certiorari al Tribunal de Apelaciones. Sin embargo, el foro apelativo intermedio denegó la expedición del recurso por falta de jurisdicción de acuerdo a la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, por tratarse de la revisión de un asunto interlocutorio. Todavía inconforme, PAMG recurrió ante nos. En ese momento, mediante Sentencia, revocamos el dictamen del Tribunal de Apelaciones. Dispusimos que el asunto cuya revisión procuró PAMG estaba relacionado con un "privilegio evidenciario" revisable como excepción, según la Regla 52.1 de Procedimiento Civil, supra. Por lo tanto, devolvimos el caso al foro apelativo intermedio para su resolución en los méritos. Mientras se dilucidaba esa controversia procesal, PAMG consignó los documentos en cuestión ante el foro primario en un sobre marcado y sellado.

En vista de nuestra decisión y después de analizar el recurso de PAMG en sus méritos, el Tribunal de Apelaciones emitió una resolución mediante la cual confirmó al Tribunal de Primera Instancia. Razonó que PAMG se "limitó a señalar que la información solicitada por la parte

demandada constituía un secreto de negocio sin ofrecer fundamentos que sustentaran la invocación del privilegio". Apéndice, pág. 13. De esta manera, el foro apelativo intermedio concluyó que PAMG "falló en demostrar la alegada naturaleza confidencial que le designa a la prueba objeto de impugnación". Íd.

Tras una moción de reconsideración fallida, PAMG presentó oportunamente un recurso de certiorari ante este Tribunal. Esencialmente, sostuvo que procede celebrar una vista para poder establecer la existencia del privilegio de secretos del negocio. Explicó que ello se establecería por preponderancia de la prueba. Igualmente, PAMG presentó una moción en auxilio de jurisdicción donde nos solicitó la paralización de los procedimientos ante el foro primario hasta que dispusiéramos de su recurso de certiorari. Sustentó su pedido en que el foro apelativo intermedio resolvió que procedía la entrega de los documentos en cuestión y el Tribunal de Primera Instancia "podría ordenar la entrega de los documentos" en una vista de seguimiento ya pautada. Además, advirtió que por ser una orden expresa del Tribunal de Apelaciones "no tendría otra alternativa que entregar los documentos", ya que estos fueron depositados en un sobre sellado y marcado que obra en los autos del caso.

El 18 de mayo de 2016, expedimos el auto de certiorari y paralizamos los procedimientos ante el Tribunal de Primera Instancia. Posteriormente, el doctor

Santiago González presentó su alegato en oposición. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver la controversia trabada.

II

A. Los Privilegios y el Descubrimiento de Prueba

Es harto conocido que el descubrimiento de prueba se extiende a cualquier materia que no esté privilegiada y que sea pertinente al asunto en controversia. Alvear Maldonado v. Ernst & Young LLP, 191 DPR 921, 925 (2014). En este aspecto, se desprenden dos limitaciones fundamentales para el proceso de descubrimiento de prueba de la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V R. 23.1. En primer lugar, es imperioso que el asunto que se pretende descubrir sea pertinente a la controversia que se dirime. Segundo, la materia que se pretende descubrir, aunque sea pertinente, no puede ser privilegiada o quedará excluida del alcance del descubrimiento de prueba.

Sobre esta segunda restricción, al interpretar la antigua Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. III R. 23.1, hemos precisado que la materia privilegiada es aquella que se encuentra dentro del alcance de alguno de los privilegios reconocidos en las Reglas de Evidencia. ELA v. Casta, 162 DPR 1, 10 (2004); García Rivera et al. v. Enríquez, 153 DPR 323, 333 (2001). Consecuentemente, en ausencia de la invocación oportuna de un privilegio específico reconocido en nuestras Reglas de Evidencia una parte en un pleito no puede objetar un requerimiento de

descubrimiento de prueba bajo ese fundamento. García Rivera et al. v. Enríquez, supra.

Lo anterior responde a que los privilegios probatorios rompen con el propósito principal de las Reglas de Evidencia: "el descubrimiento de la verdad en todos los procedimientos judiciales". Regla 102 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 102. De esa manera, "por consideraciones de política pública[…]", el privilegio excluye prueba que de otro modo sería pertinente y descubrible. E. L. Chiesa Aponte, Tratado de derecho probatorio: reglas de evidencia de Puerto Rico y federales, República Dominicana, Ed. Corripio, 1998, T. I, pág. 185. Véase, también, Pagán et al. v. First Hospital, 189 DPR 509, 517-518 (2013). Así, se reconoce la existencia de diversos intereses sociales que requieren protección y que, en ocasiones, pueden ser superiores a la búsqueda de la verdad.

En definitiva, por su función, los privilegios impiden el descubrimiento de ciertos actos, hechos o comunicaciones. Íd. Por esa razón, los tribunales debemos interpretar la existencia de un privilegio probatorio de manera restrictiva para no entorpecer la consecución de la verdad en los procesos judiciales. Íd., págs. 518-519. Por lo tanto, los privilegios no se concederán de manera automática y se reconocerán únicamente cuando se invoquen de manera certera y oportuna.

Dicho lo anterior, puntualizamos que la parte que se considere poseedora de cierta materia privilegiada cuyo descubrimiento se procura, deberá, tan pronto se solicite la información: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio en cuestión; y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación. Véanse Regla 23.3 de Procedimiento Civil, 32 LPRA Ap. V R. 23.3; Pagán et al. v. First Hospital, supra; 4 Michael H. Graham, Handbook of Federal Evidence Sec. 501:1 (7th ed. 2016).

De no haber discrepancia entre las partes en torno a la existencia y alcance del privilegio o de mediar un acuerdo entre ellas sobre cómo proceder con la información privilegiada, la intervención de los foros judiciales será innecesaria y el procedimiento de descubrimiento de prueba continuará de manera extrajudicial. En cambio, si alguna de las partes se opone a la extensión del privilegio y acredita que realizó los esfuerzos de buena fe que exige la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, el tribunal tendrá que resolver si el poseedor del

privilegio estableció, mediante preponderancia de la prueba, los elementos del privilegio que invoca. Véase Pagán et al. v. First Hospital, supra.

Luego de que el tribunal determine que eso se demostró, la aplicación del privilegio dependerá de si está clasificado como absoluto o condicional. Un privilegio se denomina absoluto porque una vez se cumplen los requisitos que lo constituyen, los tribunales carecen de discreción para obligar a divulgar la información privilegiada. Chiesa Aponte, Tratado de derecho probatorio, op. cit., pág. 193. Por otro lado, los privilegios condicionales son aquellos cuya aplicación puede ceder ante intereses sociales, aunque se cumpla con los requisitos que lo constituyen.

En cambio, si el reclamo de un privilegio se propugna de manera genérica, vaga o mediante planteamientos estereotipados, sin cumplir con las cinco exigencias pormenorizadas, el tribunal puede denegar la objeción y ordenar la producción de la información. Véase E.L. Chiesa Aponte, Reglas de Evidencia de Puerto Rico 2009, San Juan, Pubs. JTS, 2009, pág. 177. Este no viene obligado a realizar su propia búsqueda para precisar si en efecto existe evidencia privilegiada.

B. El Privilegio de Secretos del Negocio

La Regla 513 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 513, dispone que

> [e]l dueño de un secreto comercial o de negocio tiene el privilegio -que podrá ser invocado por

ella o por él o por la persona que es su agente o empleada- de rehusar divulgarlo y de impedir que otra persona lo divulgue, siempre que ello no tienda a encubrir un fraude o causar una injusticia. Si fuere ordenada su divulgación, el Tribunal deberá tomar aquellas medidas necesarias para proteger los intereses de la dueña o del dueño del secreto comercial, de las partes y de la justicia.

Esta regla de evidencia reconoce el privilegio de secretos del negocio y su propósito es "proteger el sistema de libre empresa al disponer que los dueños de secretos comerciales pueden rehusar divulgar, o impedir que otro divulgue, secretos importantes sobre su comercio o negocio, siempre y cuando ello no tienda a encubrir un fraude o causar una injusticia". Secretariado de la Conferencia Judicial, Informe de las Reglas de Derecho Probatorio, 2007, pág. 287. En esencia, este privilegio protege la información comercial de carácter confidencial. Su reconocimiento se cimienta en consideraciones de política pública dirigidas a fomentar la innovación, la producción comercial y el mejoramiento operacional empresarial que, a su vez, contribuyen al desarrollo económico y tecnológico. Paul F. Rothstein & Susan W. Crump, Federal Testimonial Privileges: Evidentiary Privileges Relating to Witnesses & Documents in Federal Cases Sec. 9:1 (2d ed. 2012-2013). En este sentido, el público se beneficia tanto de la mejora o innovación que representa el propio secreto comercial como del desarrollo de nuevos productos y técnicas, fomentado por la garantía de que existirá una protección judicial. 3 Jack B.

Weinstein et al., Weinstein's Federal Evidence, Sec. 508.03[1] (2d ed. 2016). Asimismo, estimula el descubrimiento y la explotación de invenciones, impide que se sobrepasen los métodos de adquirir información de manera lícita y se incurra en espionaje industrial, protege la buena fe y evita la apropiación indebida del esfuerzo ajeno. 26 Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence Sec. 5642 (1st ed. 2016). En fin, según reconoce el profesor Ernesto L. Chiesa, este privilegio "tiene un sólido fundamento en defender el sistema de libre empresa". Chiesa Aponte, Reglas de Evidencia de Puerto Rico 2009, op. cit., pág. 170.

La redacción de la Regla 513 de Evidencia, supra, es idéntica a la codificación del privilegio de secretos del negocio que propuso el *Advisory Committee* del Tribunal Supremo de Estados Unidos para las Reglas Federales de Evidencia que, eventualmente, fue rechazada por el Congreso. No obstante, aunque el Congreso no dio paso a esa propuesta que hubiese estatuido la Regla 508 federal de evidencia, los tribunales federales han reconocido la existencia del privilegio bajo principios del *common law*. Edward J. Imwinkelried, The New Wigmore a Treatise on Evidence: Evidentiary Privileges Sec. 9.2.1, (2d ed., 2010). Por otra parte, al igual que en Puerto Rico, versiones análogas de la regla sí están en efecto en una gran cantidad de estados que han adoptado códigos de

evidencia modelados en las reglas federales de evidencia. Íd.

La Regla 513 de Evidencia, supra, no define qué es un secreto del negocio o comercial. Esto se debe a que existe consenso en que la explicación de lo que constituye un secreto del negocio recae en el derecho sustantivo comercial. Chiesa Aponte, Reglas de Evidencia de Puerto Rico 2009, op. cit., pág. 170. Véase, también, Imwinkelried, supra, Sec. 9.2.2. ("*To identify the types of information protected under evidence law, the courts often use definitions of 'trade secrets' drawn from other, substantive bodies of law.*") En otras palabras, el privilegio que tiene una persona de no revelar un secreto comercial pone en práctica el derecho sustantivo que ampara las prácticas justas en el comercio. Weinstein, supra, Sec. 508.03[2]. Como resultado, si bien el privilegio de secretos del negocio se reconoció expresamente en nuestro ordenamiento probatorio, este último no prescribe por sí solo su alcance.

En nuestra jurisdicción, la legislación especial que regula los aspectos sustantivos de los secretos del negocio es la Ley Núm. 80-2011, mejor conocida como la Ley para la protección de secretos comerciales e industriales de Puerto Rico, 10 LPRA sec. 4131 et seq. En su exposición de motivos, la Asamblea Legislativa manifestó que los llamados secretos comerciales, también denominados secretos industriales o de negocio, "son útiles para

proteger: (1) una invención que sea patentable durante el proceso de aplicación para dicha patente, (2) información que no es objeto de una patente o, (3) información que sencillamente no se pueda patentizar, así como procesos, métodos o mecanismos". Exposición de Motivos de la Ley Núm. 80-2011, supra. Así, ejemplificó que un secreto comercial puede "consistir en un proceso para manufacturar, tratar o preservar materiales, una fórmula o receta, un proyecto o patrón para el desarrollo de alguna maquinaria, o bien, simplemente una lista de clientes especializados y constitutivos de un mercado determinado que confieran alguna ventaja a su dueño sobre sus competidores". Íd. Además, reconoció que la medida legislativa sigue el modelo de la *Uniform Trade Secrets Act*, promulgada por la Junta de Comisionados para Promover la Uniformidad de Legislación en los Estados y Territorios de la Unión, mejor conocida por sus siglas en inglés ULC (*Uniform Law Commission*). Íd.

En torno a la definición específica de lo que es un secreto comercial, el Art. 3 de la Ley 80-2011, 10 LPRA sec. 4132, dispone que es toda información:

> a) de la cual se deriva un valor económico independiente, ya sea un valor actual o un valor potencial, o una ventaja comercial, debido a que tal información no es de conocimiento común o accesible por medios apropiados por aquellas personas que pueden obtener un beneficio pecuniario del uso o divulgación de dicha información; y;
>
> b) que ha sido objeto de medidas razonables de seguridad, según las circunstancias, para mantener su confidencialidad.

Igualmente, añade que será un secreto comercial la "información generada, utilizada o resultante de los intentos fallidos realizados en el proceso de desarrollar[lo][…]". Íd. Por otra parte, el Art. 4 de la Ley Núm. 80-2011, 10 LPRA sec. 4133, contempla la adopción de medidas razonables de seguridad "para limitar el acceso a la información [que constituye un secreto comercial] bajo circunstancias particulares". Según dispone la ley, estas medidas razonables de seguridad se determinarán "de acuerdo a la previsibilidad de la conducta mediante la cual el secreto comercial pueda ser obtenido y la naturaleza del riesgo de que se dé tal conducta, así como a la relación costo-beneficio entre la medida[…] y el secreto[…]". Íd.

De ordinario, el problema de los secretos del negocio surge por primera vez en la etapa de descubrimiento de prueba. Roger S. Haydock & David F. Herr, Discovery Practice Sec. 11.05[A] (8th ed. 2016). Al respecto, el inciso (c) del Art. 11 de la Ley Núm. 80-2011, 10 LPRA sec. 4139(c), regula la producción de información designada por su dueño como un secreto comercial. Dispone que el tribunal deberá determinar si la parte que solicita el descubrimiento tiene una necesidad sustancial de la información antes de ordenar su producción. Íd. Se entenderá que existe una "necesidad sustancial" si están presentes las siguientes cuatro circunstancias:

(1) Las alegaciones presentadas con el fin de establecer la existencia o ausencia de

responsabilidad han sido presentadas de manera específica;

(2) la información que se busca descubrir es directamente relevante a las alegaciones presentadas de manera específica;

(3) la información que se busca descubrir es tal, que la parte que busca su descubrimiento quedaría sustancialmente perjudicada si no se le permite acceso a la misma, y

(4) existe una creencia de buena fe de que el testimonio o evidencia que se derive de la información que forma parte del secreto comercial será admisible en el juicio. Íd.

Además, el Art. 11 regula ciertos aspectos prácticos que los tribunales deben observar en el proceso de descubrimiento para este tipo de prueba. Primero, el tribunal puede condicionar su divulgación a la prestación de una fianza apropiada. Art. 11(e) de la Ley Núm. 80-2011, 10 LPRA sec. 4139(e). Sin embargo, reconoce de manera tajante que "no [se] ordenará [el] acceso directo a bases de datos que contengan información que forme parte de un secreto comercial, a menos que el tribunal encuentre que el proponente del descubrimiento no puede obtener dicha información por ningún otro medio y que la información no está sujeta a ningún privilegio". Art. 11(d) de la Ley Núm. 80-2011, 10 LPRA sec. 4139(d). Por otro lado, cuando se discuta o divulgue un secreto comercial en un juicio o vista, el tribunal "ordenará el desalojo, de la sala, de todas aquellas personas cuya presencia no sea imprescindible para la continuación del proceso judicial" y se permitirá al dueño obtener acuerdos de confidencialidad firmados individualmente por todas las

personas que se encuentren presentes en sala o sean parte de cualquier procedimiento en el cual se discuta, presente o divulgue, de cualquier otro modo, el secreto comercial. Art. 11(h) de la Ley Núm. 80-2011, 10 LPRA sec. 4139(h). Por último, toda la información que sea parte del secreto comercial, así como cualquier duplicado, deberá ser devuelta a su dueño al finalizar el litigio o será destruida a satisfacción de este. Art. 11(i) de la Ley Núm. 80-2011, 10 LPRA sec. 4139(i).

De las disposiciones legales expuestas podemos deducir que un secreto comercial es toda aquella información (1) de la cual se deriva un valor actual, un valor potencial o una ventaja económica; (2) que no es de conocimiento común o accesible por medios apropiados; y (3) que se ha mantenido confidencial a través de medidas razonables de seguridad. Art. 3 de la Ley Núm. 80-2011, supra. Asimismo, tanto de la legislación especial para la protección de secretos comerciales como del ordenamiento probatorio se desprende que la protección que concede el privilegio sobre este tipo de información no es categórica o incondicional. El privilegio puede ser superado si se invoca para encubrir un fraude o si su empleo causa una injusticia porque la parte que solicita el descubrimiento tiene una necesidad sustancial de la información privilegiada. Regla 513 de Evidencia, supra. Por consiguiente, aunque se conceda su aplicación, el tribunal puede "recurrir a un 'justo medio' para permitir la

divulgación de la materia protegida en forma limitada". Chiesa Aponte, Reglas de Evidencia de Puerto Rico 2009, op. cit., pág. 169. En esos dos escenarios, los foros judiciales pueden autorizar la producción de la información que constituye el secreto comercial mientras preserven su confidencialidad y, para ello, tomen medidas razonables de seguridad. Véase, Weinstein, supra, Sec. 508.07[1] ("*Once the court determines that the materials at issue are trade secrets and the party seeking their disclosure has shown that the materials are relevant to the matters in controversy the court must determine what precautions should be applied to the disclosure*"). Véase, además, Rothstein & Crump, supra, Sec. 9:8. ("*If allegedly protected information is ordered disclosed, the court should[…] consider the application of proper safeguards to protect the substantial interest, both public and private, that underline the privilege.*") Estas medidas preventivas podrán incluir, entre otras, emitir una orden protectora que asegure su confidencialidad, mantener los expedientes del caso sellados, requerir la firma de acuerdos de confidencialidad y ordenar a cualquier persona involucrada en el litigio a no divulgar la información privilegiada sin autorización previa. Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2; Art. 4 de la Ley Núm. 80-2011, supra. Véase, también, Imwinkelried, supra, Sec. 9.2.3; Rothstein & Crump, supra, Sec. 9:8.

C. Proceso para invocar el privilegio de Secretos del Negocio

Analizados los aspectos sustantivos del privilegio, detallamos el proceso adecuado para su invocación. Para entrar en el ámbito de protección del privilegio de secretos del negocio, la parte proponente deberá cursar a la parte que procura su divulgación una comunicación en la cual: (1) objete la producción de la información privilegiada tan pronto la otra parte solicite su producción; (2) indique específicamente los documentos, las comunicaciones o los objetos requeridos que designa como secreto comercial; (3) señale con particularidad los hechos precisos que dan lugar a que esa materia sea catalogada como un secreto comercial; (4) fundamente con claridad que de esa información se deriva un valor económico o una ventaja comercial demostrable, que no es conocida generalmente o verificable fácilmente por terceros, especialmente por competidores, y que ha sido objeto de medidas razonables de seguridad para mantener su confidencialidad; y, por último, (5) describa la naturaleza de la evidencia no producida de forma tal que, sin ser revelada, permita a las partes y, eventualmente, al tribunal evaluar su reclamación.

De no haber discrepancia entre las partes en torno a que la información es privilegiada, la participación del tribunal resultará innecesaria y el proceso de descubrimiento de prueba proseguirá. No obstante, si la parte que solicita la información se opone a la extensión del privilegio y presenta la certificación exigida por la

Regla 34.1 de Procedimiento Civil, supra, deberá controvertir los hechos en los que se sustenta la clasificación de la información como privilegiada o podrá demostrar que los elementos constitutivos del privilegio no están presentes. En cambio, la parte proponente del privilegio podrá rebatir los argumentos que se esgriman en contra de la aplicación del privilegio.

En el ejercicio de aquilatar si la información satisface los elementos del privilegio, el tribunal efectuará una inspección en cámara de la materia en cuestión. Durante su revisión, el juez debe prestar especial atención a la comprobación de que el dueño del alegado secreto comercial tomó medidas razonables para proteger su confidencialidad. Así, por ejemplo, observará si la información se guarda en archivos o áreas restringidas; si está sujeta a medidas de seguridad tales como códigos de acceso u otras restricciones físicas de acceso; o si se requiere que otras personas que tienen acceso a la información suscriban acuerdos de confidencialidad, entre otros factores. Imwinkelried, supra, Sec. 9.2.2.

Enfatizamos que, por mandato del Art. 11 de la Ley Núm. 80-2011, supra, si se discute o divulga la información durante una vista, el tribunal ordenará el desalojo de la sala de todas aquellas personas cuya presencia no sea imprescindible para la continuación de los procedimientos. Asimismo, el tribunal le permitirá al

dueño de la información obtener acuerdos de confidencialidad firmados individualmente por todas las personas que se encuentren presentes en sala o sean parte de cualquier procedimiento en el cual se discuta o divulgue de cualquier modo el posible secreto comercial.

Examinada la postura de ambas partes, el tribunal determinará si la información objeto de controversia está sujeta al privilegio de secretos del negocio. Si encuentra que no se satisfacen los elementos necesarios, la materia no será privilegiada. Por el contrario, si considera que se cumplen los requisitos para conferir el privilegio, el tribunal ordenará que la información, o una porción específica de esta, se marque como un secreto comercial y se deposite en un sobre sellado.

Ahora bien, por tratarse de un privilegio condicional, aun cuando el privilegio aplique, la parte que solicita el descubrimiento de prueba puede superarlo al evidenciar que con su implementación se encubre un fraude o se causa una injusticia porque existe una necesidad sustancial por la información. Esta última opción se considerará de conformidad con las cuatro circunstancias dispuestas en el inciso (c) del Art. 11 de la Ley Núm. 80-2011, _supra_. Sin embargo, el dueño de la información podrá exigir la adopción de alguna medida de seguridad como condición para la entrega de la información. En esa eventualidad, el juzgador deberá tomar las medidas razonables de seguridad que resulten

necesarias para proteger el secreto comercial. El ejercicio de ordenar la adopción de las medidas de seguridad será uno de razonabilidad que se realizará caso a caso y en el que se considerarán los intereses de las partes, los riesgos involucrados y el efecto que supone la medida sobre el secreto comercial. De igual modo, en el interés de la justicia, el juzgador puede limitar la parte del secreto que se revelará. En otras palabras, el tribunal podría decidir que la concesión parcial de la información privilegiada es la solución más apropiada. Regla 23.2 de Procedimiento Civil, _supra_; Imwinkelried, _supra_, Sec. 9.2.3.

En cambio, en casos en los que no se haya invocado un privilegio o no se cumplan los requisitos para conferir el privilegio y se deniegue una orden protectora en todo o en parte, el tribunal podrá, bajo aquellos términos y condiciones que sean justos, ordenar que la parte solicitante provea o permita el descubrimiento así interesado. Regla 23.2 de Procedimiento Civil, _supra_.

III

En este caso, durante el proceso de descubrimiento de prueba, el doctor Santiago González cursó a PAMG un interrogatorio, una solicitud de producción de documentos y un requerimiento de admisiones. Específicamente, el doctor Santiago González solicitó la entrega de varios documentos de PAMG que incluían las planillas de contribución sobre ingresos de PAMG, su lista de

accionistas, las minutas de las reuniones de su Junta de Directores, los contratos suscritos entre PAMG a las compañías MMM y PMC, así como los contratos de servicios de los galenos que trabajaban con PAMG, entre otros. Desde ese momento y en lo sucesivo, PAMG alertó que la información contenida en esos documentos es privada, confidencial y constituye secretos del negocio. En ese sentido, arguyó ha tomado las medidas necesarias para salvaguardar la naturaleza confidencial de la información solicitada y proteger sus operaciones comerciales. Por consiguiente, PAMG solicitó la firma de un acuerdo de confidencialidad mediante el cual se limitaría el uso de la información para fines de este litigio sin que se divulgara a terceras personas. Además, sugirió concertar una reunión para resolver la situación, según exige la Regla 34.1 de Procedimiento Civil, supra. Sin embargo, el doctor Santiago González se negó a suscribir el acuerdo y procuró la intervención del Tribunal de Primera Instancia. En respuesta, el foro primario ordenó la entrega de los documentos sin reserva, determinación que fue confirmada por el Tribunal de Apelaciones.

Analizado el expediente exhaustivamente, entendemos desacertado el proceder de los foros recurridos en este litigio. No obstante, somos conscientes de que ello se debe al vacío que hasta el presente existía en nuestro ordenamiento probatorio en torno a la interpretación del alcance del privilegio sobre los secretos del negocio. En

particular, ambos foros erraron al determinar precipitadamente la improcedencia del privilegio invocado por PAMG y que procedía la producción de la evidencia en cuestión. Contrario a lo ocurrido, una vez el asunto se trajo ante la consideración del Tribunal de Primera Instancia, este debió, conforme a la Regla 34.1 de Procedimiento Civil, supra, requerirle a la parte que se opone a la extensión del privilegio una acreditación de que realizó esfuerzos razonables, con prontitud y buena fe, para tratar de llegar a un acuerdo y solucionar la controversia en torno al descubrimiento de prueba. Acreditado el desacuerdo entre las partes, el foro primario debió resolver si PAMG estableció, mediante preponderancia de la prueba, los elementos del privilegio que invocó. Por su parte, el doctor Santiago González tendría la oportunidad de oponerse a la categorización de la información como un secreto comercial o podría sustentar la procedencia de la producción ante el atributo condicional de dicho privilegio. Asimismo, el foro apelativo intermedio erró al enunciar automáticamente que el poseedor del privilegio tiene que establecer su existencia mediante preponderancia de la prueba cuando no se le ha brindado la oportunidad de hacerlo.

No podemos perder de perspectiva que el proceso para el descubrimiento de prueba recae inicialmente sobre las partes litigantes, sin intervención del tribunal. No es hasta que surge una controversia que no se puede resolver

extrajudicialmente que el tribunal toma un rol medular. Este debe manejar el proceso con el norte de procurar que la información pertinente a la adjudicación de la controversia esté al alcance de todas las partes. Por lo tanto, resulta irrazonable exigirle a una parte que establezca extrajudicialmente el alcance de un privilegio mediante preponderancia de la prueba. Trabadas las partes en cómo proceder con la controversia sobre el descubrimiento de prueba, reiteramos que el tribunal debe tomar cartas en el asunto y resolver si el poseedor del privilegio estableció la existencia de los elementos del privilegio que invoca mediante preponderancia de la prueba.

Ahora bien, aclarado el marco procesal que se deberá observar ante este tipo de escenario, procede devolver el caso al foro primario para que este determine si la información que solicita el doctor Santiago González está sujeta al privilegio de secretos del negocio. Si bien PAMG invocó la protección del privilegio de manera oportuna, le advertimos que tendrá el peso de identificar con precisión los elementos del privilegio y la información particular que consta en los documentos solicitados y a su entender constituye un secreto comercial. En ese proceder, el foro primario está facultado para tomar las medidas que sean necesarias para proteger los intereses de la justicia y de ambas partes.

IV

Por los fundamentos expuestos, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia, Sala de Ponce, para que se dirima la existencia del privilegio de secretos del negocio de manera consistente con esta Opinión y continúen los procedimientos.


Rafael L. Martínez Torres
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ponce Advance Medical Group
Network, Inc.

       Peticionaria

          v.                CC-2016-0286

Carlos Y. Santiago González,
et al.

       Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 12 de abril de 2017.

Por los fundamentos expuestos, en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia, Sala de Ponce, para que se dirima la existencia del privilegio de secretos del negocio de manera consistente con esta Opinión y continúen los procedimientos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre con el resultado y hace constar la siguiente expresión: "La Jueza Asociada señora Pabón Charneco concurre con el resultado. Como expresara en su Opinión Disidente en *Pagán et al. v. First Hospital*, 189 DPR 509, 543-559 (2013), al considerar la etapa procesal en la que se da este tipo de controversia se precisa la celebración de una vista para dilucidar la reclamación de un privilegio probatorio ante la oposición de una de las partes". El Juez Asociado señor Colón Pérez concurre con el resultado y hace constar la siguiente expresión: "El Juez Asociado señor Colón Pérez concurre con el resultado al que

llega una mayoría del Tribunal en el día de hoy, toda vez que si bien está de acuerdo con la conclusión alcanzada -- a saber, que el caso debe ser devuelto al Tribunal de Primera Instancia para la continuación de los procedimientos, conforme a la Regla 34.1 de las de Procedimiento Civil, 32 LPRA Ap. VI, R. 34.1 -- éste entiende que el asunto planteado ante la consideración de este Tribunal es uno estrictamente procesal, ceñido a determinar si las partes cumplieron con los requisitos establecidos en la referida regla, en cuanto a la acreditación necesaria de las gestiones realizadas de buena fe para resolver cualquier controversia en torno al descubrimiento de prueba, previo a la celebración de una vista para atender controversias relacionadas a privilegios evidenciarios.

Ciertamente, como correctamente se concluye en la Opinión que hoy emite este Tribunal, en el presente caso el foro primario no debió considerar la solicitud presentada por el doctor Carlos Y. Santiago González a los fines de obtener la producción de cierta documentación relacionada a la corporación demandada, pero tampoco podía ordenar automáticamente la producción de la misma, ante un reclamo de privilegio esbozado por Ponce Advance Medical Group, Inc., pues correspondía -- tras la correspondiente acreditación de las gestiones realizadas -- celebrar una vista para ello.

A raíz de lo anterior, el Juez Asociado señor Colón Pérez entiende que toda la discusión relativa al privilegio de secretos de negocio en nuestro ordenamiento jurídico -- relacionada a cuándo procede, cómo se levanta y cómo se atiende -- no es necesaria y resulta en *dictum*, puesto que la controversia ante este Foro se limita a un asunto procesal en cuanto al descubrimiento de prueba.

A juicio de este, en este caso en particular, bastaba con que este Tribunal dispusiese del asunto traído ante su consideración mediante el mecanismo de Sentencia, devolviendo el caso al Tribunal de Primera Instancia y ordenando que se observase el procedimiento establecido en las Reglas de Procedimiento Civil, particularmente, lo dispuesto en la Regla 34.1 de las de Procedimiento Civil, *íd.*, según lo aquí resuelto".

La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo