Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| MARÍA LUISA MARRERO CRUZ<br><br>Peticionaria<br><br>v.<br><br>HERMINIO IRIZARRY MALDONADO<br><br>Recurrido | TA2025CE00174 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Lares<br><br>Sobre:<br>Cobro de Dinero Ordinario<br><br>Caso Núm. LR2024CV00131 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de agosto de 2025.

Comparece ante nos la parte peticionaria, María Luisa Marrero Cruz (en adelante, parte peticionaria o Marrero Cruz), y solicita la revisión de la *Orden* emitida por el Tribunal de Primera Instancia, Sala de Lares, el 21 de mayo de 2025, notificada al día siguiente. En la misma, el Foro Primario ordenó a la parte peticionaria a descubrir la información solicitada por la parte recurrida, Herminio Irizarry Maldonado (en adelante, parte recurrida o Irizarry Maldonado).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

**I**

El 21 de mayo de 2024 la parte peticionaria presentó una demanda en cobro de dinero contra la parte recurrida. En síntesis, la señora Marrero Cruz alegó que el señor Irizarry Maldonado contrató sus servicios para que le gestionara la solicitud de unas ayudas económicas ofrecidas por los siguientes programas: el *Emergency Relief Program*, el *Pandemic Assistance Revenue*

*Program*, y el *Pandemic Assistance Revenue Program Adjusted Revenue*.[1] Adujo que por esta encomienda, la parte recurrida le debía una cantidad aproximada de diecisiete mil quinientos dólares ($17,500.00) en concepto de deuda por los servicios prestados.

Tras varios asuntos procesales impertinentes a la controversia que nos ocupa, el 28 de abril de 2025, la parte recurrida presentó una *Moción Solicitando se Ordene Contestar*.[2] En la misma, el señor Irizarry Maldonado sostuvo que, como parte del descubrimiento de prueba, le envió a la parte peticionaria un *Primer Interrogatorio, Producción de Documentos y Requerimiento de Admisiones*, en el cual le requirió a la señora Marrero Cruz que enumerara los nombres, así como los correspondientes números de teléfonos, de todas las personas con las cuales realizó gestiones para obtener la aprobación de las referidas ayudas, que pudiesen demostrar que fue por sus acciones que las mismas fueron aprobadas, y no porque la parte recurrida estuviese cualificada para recibirlas. Sin embargo, el señor Irizarry Maldonado indicó que la parte peticionaria objetó la referida pregunta, por tratarse de información confidencial.

En su escrito, la parte recurrida alegó que la referida información no estaba amparada por un "manto de confidencialidad",[3] ya que el asunto involucraba a empleados federales y fondos públicos, así como que las referidas gestiones podrían revelar la comisión de un delito. Así, tras describir los trámites infructuosos para obtener una respuesta de la señora Marrero Cruz, la parte recurrida le solicitó al Foro Primario que ordenara la entrega de la información solicitada.

Posteriormente, el 12 de mayo de 2025, la parte peticionaria presentó una *Moción Objeción a Solicitud de Orden*.[4] En su escrito,

---

[1] Apéndice del recurso, Entrada Núm. 1.
[2] *Íd.*, Entrada Núm. 39.
[3] *Íd.*, Entrada Núm. 39, pág. 3.
[4] *Íd.*, Entrada Núm. 41.

la señora Marrero Cruz alegó que la información solicitada no era pertinente al caso, ya que, a su entender, la identidad de personas extrañas al contrato en cuestión no era esencial ni relevante para resolver la disputa principal. Planteó además que la información solicitada estaba protegida por el privilegio de secretos de negocios, conforme a la Regla 513 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 513, y la *Ley para la Protección de Secretos Comerciales e Industriales*, Ley Núm. 80-2011, 10 LPRA sec. 4131 *et seq.*

El 15 de mayo de 2025 la parte recurrida presentó una *Réplica a "Moción Objetando Solicitud de Orden" y Reiterando se Ordene Contestar*.[5] En síntesis, arguyó que las gestiones realizadas con funcionarios de una agencia federal no se podían catalogar como un *secreto de negocio*. Igualmente, sostuvo que una materia podía ser objeto del descubrimiento de prueba si existía posibilidad razonable de su relación con el asunto en controversia. Por tanto, reiteró su solicitud de que se le ordenara a la parte peticionaria proveer la información en cuestión.

Luego de evaluado los escritos de las partes, el 21 de mayo de 2025, el Tribunal de Primera Instancia emitió la *Orden* recurrida, mediante la cual concluyó que la información requerida era pertinente y esencial para el asunto en controversia. Por ende, ordenó a la parte peticionaria suplir los nombres y números de teléfonos de las personas con las cuales se comunicó o realizó gestiones que demuestren los trámites que se llevaron a cabo para la aprobación de las ayudas solicitadas por el señor Irizarry Maldonado.[6]

Inconforme, y tras denegada una previa solicitud de reconsideración, el 21 de julio de 2025, la parte peticionaria acudió

---

[5] *Íd.*, Entrada Núm. 42.
[6] *Íd.*, Entrada Núm. 44.

ante nos, mediante el presente recurso de *Certiorari*. En el mismo,
hizo el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia,
> ordenar descubrir los nombres y números de teléfonos
> de los clientes de la parte peticionaria, por entender que
> era "pertinente" a pesar de ser información privilegiada
> a la luz de la Regla 513 de las de Evidencia.

En igual fecha, la parte peticionaria presentó ante nos una
*Moción en Auxilio de Jurisdicción*, en la cual solicitó la paralización
de los procedimientos ante el Tribunal de Primera Instancia.
Evaluada la petición, mediante *Resolución* del 21 de julio de 2025,
un panel hermano declaró *Ha Lugar* la solicitud.

Luego de examinar el expediente de autos, procedemos a
expresarnos.

## II

### A

Sabido es que el descubrimiento de prueba se extiende a todo
aquello que resulte pertinente al asunto que se atiende y que no
constituya materia privilegiada. Regla 23.1 (a) de Procedimiento
Civil, 32 LPRA Ap. V, R. 23.1 (a); *Ponce Adv. Med. v. Santiago
González et al.,* 197 DPR 891, 898 (2017). Es materia privilegiada
toda aquella que expresamente se delimita en las Reglas de
Evidencia, a los fines de imponer, en el ordenamiento jurídico, un
supuesto de exclusión respecto a determinada prueba, que, de no
ser por consideraciones de política pública general, sería
plenamente descubrible. *Ponce Adv. Med. v. Santiago González et
al,* supra*, pág. 899; Pagán et al. v. First Hospital,* 189 DPR 509, 518
(2013). Por tanto, al amparo de dicha norma, el estado de derecho
"reconoce la existencia de diversos intereses sociales que requieren
protección y que, en ocasiones, pueden ser superiores a la búsqueda
de la verdad". *Ponce Adv. Med. v. Santiago González et al,* supra,
pág. 899.

La parte que alegue la aplicación de los efectos de un privilegio evidenciario sobre determinada prueba cuyo descubrimiento se solicite, está llamada, al momento en el que la misma se requiera, a cumplir con las siguientes exigencias: 1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; 2) indicar expresamente el privilegio específico que pretende invocar; 3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; 4) fundar con claridad la existencia de los elementos legales del privilegio en cuestión y; 5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiadas, permita a otras partes evaluar su reclamación. *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 408 (2021); *Ponce Adv. Med. v. Santiago González et al,* supra, pág. 900.

En ocasión a la inexistencia de alguna discrepancia entre las partes involucradas en cuanto al alcance del privilegio invocado, o de estas llegar a determinado acuerdo, la intervención de la maquinaria judicial se torna innecesaria. No obstante, de suscitarse una oposición a la aplicabilidad del privilegio de que trate, los foros de justicia están llamados a resolver si quien lo invoca, estableció, mediante preponderancia de la prueba, los elementos propios a su naturaleza. *McNeil Healthcare v. Mun. Las Piedras I,* supra, pág. 408; *Ponce Adv. Med. v. Santiago González et al,* supra, pág. 900; *Pagán et al. v. First Hospital,* supra, pág. 519. De resolver en la afirmativa, la discreción del tribunal se suprime y, en consecuencia, está impedido de proveer para descubrir la información protegida. No obstante, la declaración de la efectiva existencia de un privilegio evidenciario, debe resultar de una interpretación restrictiva por parte de los tribunales, a los efectos de "no entorpecer la consecución de la verdad en los procesos

judiciales". *Ponce Adv. Med. v. Santiago González et al,* supra, págs. 899-900; *Pagán et al v. First Hospital,* supra, pág. 519.

Ahora bien, toda petición sobre la aplicación de un privilegio evidenciario deber ser, además de oportuna, fundamentada. 32 LPRA Ap. V, R. 23.3 (a). Por tanto, una reclamación insuficiente, vaga o estereotipada a tal fin, que incumpla con los antedichos criterios, es improcedente. Como resultado, la parte que propone la solicitud correspondiente viene en la obligación de producir la información que pretende no descubrir. *Ponce Adv. Med. v. Santiago González et al,* supra, pág. 901.

En lo concerniente, la Regla 513 de Evidencia, 32 LPRA Ap. VI, R. 513, consagra el privilegio sobre los *secretos de negocio.* Al respecto, dispone como sigue:

> La dueña o el dueño de un secreto comercial o de negocio tiene el privilegio- que podrá ser invocado por ella o por él o por la persona que es su agente o empleada- de rehusar divulgarlo y de impedir que otra persona lo divulgue, siempre que ello no tienda a encubrir un fraude o causar una injusticia. Si fuere ordenada su divulgación, el Tribunal deberá tomar aquellas medidas necesarias para proteger los intereses de la dueña o del dueño del secreto comercial, de las partes y de la justicia.

Conforme al entendido doctrinal vigente, el aludido privilegio responde al interés de proteger la libre empresa, al garantizar a los dueños el derecho de rehusarse a divulgar o de impedir que un tercero divulgue información secreta sobre su comercio o negocio, salvo que la confidencialidad aducida, constituya un subterfugio para encubrir un fraude o causar una injusticia. *Ponce Adv. Med. v. Santiago González et al.,* supra, pág. 901. De esta forma, tomando en consideración la definición establecida en el Artículo 3 de la Ley Núm. 80-2011, 10 LPRA sec. 4132, nuestro Máximo Foro estableció que un *secreto comercial* es toda información (1) de la cual se deriva un valor actual, un valor potencial o una ventaja económica; (2) que no es de conocimiento común o accesible por medios apropiados, y

(3) que se ha mantenido confidencial a través de medidas razonables de seguridad. *Ponce Adv. Med. v. Santiago González et al.,* supra, pág. 906.

**B**

Por otro lado, a Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera v. Joe's European Shop,* 183 DPR 580, 594 (2011). En lo pertinente, la referida disposición reza como sigue:

> [...]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, **asuntos relativos a privilegios evidenciarios**, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [...]
>
> 32 LPRA Ap. V, R. 52.1. (Énfasis nuestro).

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari,* en situaciones

meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585, 593 (2012).

Por su parte, sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

En el caso ante nos, la parte peticionaria planteó que el Tribunal de Primera Instancia erró al ordenar el descubrimiento de los nombres y números de teléfonos de los funcionarios de las

agencias federales con los cuales se comunicó para llevar a cabo la gestión por la cual fue contratada. En específico, la señora Marrero Cruz adujo que estas personas constituían sus clientes, y que, por ende, la información estaba cubierta por el privilegio de secretos de negocios.

Tras analizar el recurso de autos, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra,* se desprende que el mismo está inmerso en las instancias contempladas por nuestro ordenamiento jurídico, a los fines de que este Foro pueda entender sobre un recurso de *Certiorari.* Sin embargo, un examen detallado de los documentos que componen el expediente que nos ocupa, nos lleva a abstenernos de ejercer nuestras funciones revisoras respecto a la decisión emitida por el Tribunal de Primera Instancia.

Tal cual expresado en el resumen doctrinal, al invocar la protección de un privilegio evidenciario, la parte promovente tiene la responsabilidad de cumplir de forma específica con las exigencias reseñadas previamente, así como que debe demostrar que la información que consta en los documentos solicitados, constituye un secreto de negocio. No obstante, del expediente que obra en autos, no surge que la parte peticionaria haya cumplido con las exigencias expuestas en el entendido doctrinal antes detallado para que la información requerida tenga entrada al ámbito de protección del privilegio de secreto de negocio.

De este modo, al examinar la totalidad de los documentos que componen el expediente ante nos, no encontramos ningún criterio jurídico particular que justifique dejar sin efecto la determinación recurrida. No hay indicios de que, en el ejercicio de sus facultades, el Foro *a quo* haya incurrido en error o en abuso de discreción, de modo que se haga meritorio que nos apartemos de la norma de abstención judicial que regula el ejercicio de nuestras funciones en

casos como el de autos. Es nuestra apreciación que la *Orden* recurrida es producto del adecuado ejercicio de las facultades que le asisten al Tribunal de Primera Instancia, por lo que no resulta necesario que intervengamos. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones