Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| NOLLIAM ASENCIO VÉLEZ<br><br>Querellante Peticionaria<br><br>v.<br><br>LABORATORIO CLÍNICO IRIZARRY GUASCH, INC. Y OTROS<br><br>Querellados Recurridos | KLCE202500032 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2024CV00328 (Salón 206)<br><br>Sobre: Acoso Laboral y Otros |

Panel especial integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de febrero de 2025.

Comparece la señora Nolliam Asencio Vélez (señora Asencio Vélez o peticionaria) vía *certiorari* y solicita que revoquemos la *Resolución y Orden Protectora* del Tribunal de Primera Instancia, Sala Superior de Mayagüez, emitida el 6 de noviembre de 2024. En dicho dictamen, se concedió una orden protectora contra la peticionaria a los fines de limitar su descubrimiento de prueba. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, el caso de epígrafe trata de una querella por reclamación laboral. Según el expediente, la señora Asencio Vélez trabajó para el Laboratorio Clínico Irizarry Guasch, Inc. (Laboratorio Clínico) y Lab Warehouse, Inc. (Lab Warehouse) desde el 16 de marzo de 2021 hasta el 5 de marzo de 2023 como Gerente de Recursos Humanos (*HR Manager*), aunque el contrato de empleo fue con el

Laboratorio Clínico. El 4 de julio de 2022, la Lcda. Shirley Sánchez Irizarry (Lcda. Sánchez Irizarry), quien fungía como Directora Legal y de Recursos Humanos, le notificó a la peticionaria que pasaba de ser empleada exenta a empleada regular por hora.

Sin embargo, según la señora Asencio Vélez y el *Informe Psicológico* de la Dra. Jackeline Rosado Vázquez (Dr. Rosado Vázquez), la peticionaria fue víctima de acoso laboral en Lab Warehouse, en virtud de que se creó y mantuvo un ambiente hostil, degradante y humillante hacia la peticionaria y, por consecuencia, socavó su autoestima laboral. Por tanto, la señora Asencio Vélez presentó su renuncia el 5 de marzo de 2023, la cual fue aceptada por el señor José Rafael Sánchez Zayas (señor Sánchez Zayas), Presidente de ambas empresas, mediante carta en la cual negó que la peticionaria haya sufrido de acoso laboral y adujo que esta estaba meramente molesta e insatisfecha con los directivos de la empresa.

Por todo lo transcurrido, la señora Asencio Vélez radicó querellas, acompañadas de declaraciones juradas, contra (1) la señora Nereida Rodríguez Lugo (señora Rodríguez Lugo), Supervisora Técnica General de los laboratorios; (2) el señor José Sánchez Irizarry (señor Sánchez Irizarry), Director de Mantenimiento de Facilidades; y (3) la señora Nilsa Irizarry Guasch (señora Irizarry Guasch), Secretaria de Laboratorios Clínicos.

Luego de ambas partes acudir al Centro de Mediación y Conflictos del Centro Judicial de Mayagüez, lo cual no dio resultados positivos, la peticionaria presentó una querella el 27 de febrero de 2024 contra Laboratorio Clínico, Lab Warehouse, la señora Irizarry Guasch, el señor Sánchez Irizarry, la señora Rodríguez Lugo y el señor Sánchez

Zayas (conjuntamente "recurridos"). En dicha querella, la señora Asencio Vélez solicitó compensación por los salarios dejados de recibir, así como el lucro cesante hasta la edad de retiro, los serios trastornos emocionales causados y una variedad de daños y perjuicios ocasionados, entre otros. Mediante diversos trámites procesales—cuales incluyeron un recurso de *certiorari* ante el foro apelativo en el caso KLCE202400772—se resolvió que el proceso judicial se tramitaría por la vía ordinaria. En el presente, dicha determinación se encuentra pendiente de revisión ante el Tribunal Supremo.

En cuanto a otros detalles del proceso judicial, y posterior a las respuestas a la querella de la señora Asencio Vélez, las partes se notificaron mutuamente pliegos de interrogatorios como parte del proceso de descubrimiento de prueba. Ante las eventuales respectivas respuestas, se dilucidaron varias controversias en cuanto a la manera correcta de contestar las preguntas y, en efecto, el foro primario enfatizó la necesidad de ambas partes de acreditar sus esfuerzos razonables al amparo de la doctrina dispuesta en las Reglas 34.1 y 34.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Eventualmente, el 8 de octubre de 2024, los recurridos enviaron una carta a la señora Asencio Vélez, en la cual informaron que no podrán responder a las preguntas que involucren el privilegio psicoterapeuta-paciente de la Regla 508 de Evidencia de 2009 (32 LPRA Ap. VI) y que no sean pertinentes al pleito. No obstante, estos propusieron pautar una reunión para discutir sobre la controversia. En respuesta, la parte peticionaria respondió el 11 de octubre de 2024, propuso sus propias fechas para la referida reunión y aseveró la pertinencia del estado mental de los recurridos, ya que estos han

requerido información de la condición mental de la señora Asencio Vélez y mencionaron previamente cómo la peticionaria creó un ambiente hostil en el trabajo.

Sin embargo, el 10 de octubre de 2024, los recurridos solicitaron una orden protectora al amparo de la Regla 23.2 de Procedimiento Civil, *supra*, contra la cual la peticionaria no se opuso. En efecto, el foro primario resolvió ha lugar en lo que concierne al interrogatorio suplementario y sus preguntas dirigidas a descubrir prueba relativa a cualquier tipo de tratamiento psicológico o psiquiátrico de los recurridos. Luego de la peticionaria solicitar reconsideración—y de informar que las partes se reunieron para hablar de temas no relacionados a la controversia ante nos—el foro primario determinó sin lugar.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el foro primario erró al (1) violentar la igual protección de las leyes; (2) al emitir una orden protectora a favor de los recurridos, sin exigirles a estos las mismas exigencias que requirió a la peticionaria; y (3) al dictar una orden protectora sin haberse agotado el procedimiento de la Regla 34.1 de Procedimiento Civil, *supra*.

En oposición, los recurridos, en dos escritos separados y en resumidas cuentas, argumentan que (1) el foro primario ejerció su discreción luego de hacer un justo balance entre los intereses de las partes; (2) dicho foro no violentó la igual protección de las leyes; (3) la expedición del auto de *certiorari* dilatarían los procedimientos del caso ante el foro primario y, por tanto, su pronta solución evitaría un fracaso de la justicia; (4) la peticionaria no se ha reunido con los recurridos para discutir el asunto en controversia.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, SLG *Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

Ahora bien, nuestro ordenamiento dispone que, ante cualquier controversia en torno al descubrimiento de prueba, el foro primario solamente considerará las mociones que contengan una certificación de la parte promovente en la que indique, en forma particularizada, que ha

realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos planteados en la moción. Regla 34.1 de Procedimiento Civil, *supra*. A esos efectos, una vez las partes realizan los esfuerzos de buena fe requeridos para resolver las controversias probatorias sobre el descubrimiento de información privilegiada, y así los certifiquen, estas podrán acudir al foro primario para que este emita la decisión correspondiente mediante preponderancia de la prueba. *Casanovas et al. v. UBS Financial et al.*, 198 DPR 1040 (2017); *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891 (2017).

Tales esfuerzos y buena fe podrán manifestarse mediante la escritura de una carta o solicitud dirigida a la parte adversa para acudir a una reunión en la cual se podrá exponer los fundamentos de la oposición a la existencia o alcance del privilegio, e igualmente vía medios electrónicos. Informe de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pag. 364; R. Emmanuelli Jiménez & J.E. Méndez Colberg, *El procedimiento del privilegio de secreto del negocio conforme a Ponce Advance Medical Group, Inc. v. Dr. Carlos Y. Santiago González: Un análisis integral sobre su aplicación al privilegio abogada o abogado-cliente*, 53 Rev. Jur. U. Inter. PR 31 (2018-2019).

Claro está, la parte poseedora de la alegada materia privilegiada cuyo descubrimiento se procura, deberá (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundamentar con claridad la existencia

de los elementos legales del privilegio en cuestión; y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación. *Ponce Adv. Med. v. Santiago González et al.*, *supra*. De no haber discrepancia entre las partes en torno a la existencia y alcance del privilegio o de mediar un acuerdo entre ellas sobre cómo proceder con la información privilegiada, el procedimiento de descubrimiento de prueba continuará de manera extrajudicial. Íd.

Conforme lo anterior, de la parte adversa negarse a descubrir lo solicitado, la parte promovente podrá requerir al Tribunal que dicte una orden para que se obligue dicho descubrimiento. Regla 34.2 de Procedimiento Civil, *supra*. Tal orden facultará al Tribunal varias sanciones distintas para lograr el descubrimiento de prueba. *Valentín v. Mun. de Añasco*, 145 DPR 887 (1998). No obstante, si alguna de las partes se opone a la extensión del privilegio y acredita que realizó los esfuerzos de buena fe que exige de la Regla 34.1 de Procedimiento Civil, *supra*, el foro primario tendrá que resolver si el poseedor del privilegio estableció los elementos del privilegio invocado. *Ponce Adv. Med. v. Santiago González et al.*, *supra*. De otra parte, si la parte que solicita la información se opone a la extensión del privilegio y presenta la certificación exigida por la referida Regla 34.1, esta deberá controvertir los hechos en los que se sustenta la clasificación de la información como privilegiada o podrá demostrar que los elementos constitutivos del privilegio no están presentes. Íd.

En consecuencia, el foro primario, a iniciativa propia o a solicitud de parte, podrá limitar el alcance de los métodos de descubrimiento de prueba si determina lo siguiente: (1) la prueba que

se pretende descubrir es un duplicado de otra evidencia o es irrazonablemente acumulativa; (2) la prueba puede obtenerse mediante otra forma más conveniente, menos onerosa y costosa para la parte a quien se le solicita; (3) la parte que solicita la prueba haya tenido previa oportunidad de obtenerla; o (4) los costos para obtener la prueba exceden el beneficio que ésta puede aportar al caso. Regla 23.2 de Procedimiento Civil, *supra*. Sin embargo, de la solicitud provenir de una de las partes del pleito y presentarse mediante una moción acompañada de la certificación aludida en la Regla 34.1, por justa causa el Tribunal podrá emitir cualquier orden que se requiera en justicia para proteger a dicha parte de hostigamiento, perturbación, opresión, molestia o gasto indebido, tal como prohibir el descubrimiento de ciertas materias. Íd.

Por último, todo paciente tiene el privilegio de rehusar revelar, y de impedir que otra persona revele, una comunicación confidencial hecha para propósitos de diagnóstico o tratamiento de su condición mental o emocional, efectuada entre dicho paciente, su psicoterapeuta u otras personas que están participando en el diagnostico o tratamiento. Regla 508 de Evidencia, *supra*. No obstante, no existirá el referido privilegio si (1) las comunicaciones son pertinentes a una controversia en un procedimiento para hospitalizar al paciente por razón de enfermedad mental; (2) un tribunal ordena un examen de la condición mental o emocional del paciente; o (3) las comunicaciones son pertinentes a una controversia material sobre la condición mental o emocional del paciente, en cualquier procedimiento en el cual éste invoca dicha condición como un elemento de su reclamación o defensa.

Íd. Véase, también, E.L. Chiesa Aponte, *Reglas de Evidencia comentadas*, San Juan, Ed. SITUM, 2016, págs. 149-151.

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya abusado de su discreción o haya actuado de manera parcial, perjudicial o errada. Del expediente se desprende que el foro primario tuvo ante sí toda la información necesaria para evaluar la aplicabilidad de la doctrina de materia privilegiada a la controversia en cuestión y, en efecto, ejerció razonablemente su discreción al imponer una orden protectora a favor de los recurridos. A esos efectos, el expediente no manifiesta una apreciación de la prueba o del derecho patentemente errónea, ni una actuación parcial o prejuiciada que exija a este Tribunal expedir el auto solicitado para evaluar la presente controversia en sus méritos.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones