Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>ARC MANAGEMENT, CORP.<br>Peticionaria | KLCE202500124 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2019CV04105<br><br>Sobre: Cobro de Dinero; Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de febrero de 2025.

Comparece la parte peticionaria ARC Management, Corp., en adelante "ARC", quien solicita que revoquemos la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI. Mediante la misma, el TPI resolvió que Banco Popular de Puerto Rico, en adelante BPPR o el recurrido, cumplió con una Orden que exigía que determinados interrogatorios se contestaran conforme a las exigencias de la Regla 23 de Procedimiento Civil (32 LPRA Ap. V.)

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

-I-

**"To make a long story short".**

En el contexto de un pleito de cobro de dinero, ejecución de prenda y de hipoteca, presentado el **25 de**

**octubre de 2020**, BPPR presentó una *Moción en Cumplimiento de Orden*. En síntesis, alegó que, en cumplimiento de una Orden del TPI, había remitido a ARC "las contestaciones suplementadas a los interrogatorios 21, 22, 23, 24, 25 y 27…".[1]

Insatisfecha, **el día siguiente**, ARC presentó una *Moción Informando Incumplimiento de la Orden de Descubrimiento de Prueba*". Arguyó que "nos topamos con las mismas evasivas que motivaron la Orden de descubrimiento de prueba en primer lugar y las mismas objeciones que le fueron adjudicadas en contra".[2]

Luego de una azarosa travesía procesal que incluyó la presentación de varias contestaciones suplementarias a los interrogatorios, comparecencias ante este Tribunal de Apelaciones y ante el Tribunal Supremo de Puerto Rico, el **18 de octubre de 2023**, el recurrido presentó una *Moción Suplementaria y en Cumplimiento de Orden de 13 de octubre de 2023*. En lo aquí pertinente, reiteró las contestaciones a los interrogatorios remitidas el 25 de octubre de 2020 y solicitó del foro sentenciador "que determine que… suplementó de forma adecuada las contestaciones al pliego de interrogatorios y solicitud de producción de documentos".[3]

Nuevamente inconforme, ARC presentó una *Moción en Cumplimiento de Orden en Oposición a Moción Suplementaria y Reiterando Solicitud de Desestimación de la Demanda al Amparo de la Regla 39.3*. En esta, luego de hacer un recuento del trámite procesal relacionado con la controversia sobre el descubrimiento de prueba, reiteró su posición previa a los efectos de que BPPR

---

[1] Apéndice de la peticionaria, págs. 695-942.
[2] *Id.,* págs. 943-945.
[3] *Id.*, págs. 1024-1480.

había incumplido con sus obligaciones relativas al descubrimiento de prueba y por el contrario, "…ha dedicado un esfuerzo extraordinario para entorpecer el descubrimiento de prueba al que ARC tiene derecho".[4]

Así las cosas, el TPI declaró no ha lugar la moción de desestimación de ARC fundamentada en el alegado incumplimiento con el descubrimiento de prueba. Determinó:

> Examinadas las Mociones presentadas en torno a dicho asunto, así como la totalidad del expediente, concluimos que Banco Popular cumplió con lo ordenado al ofrecer contestaciones adecuadas a los interrogatorios 21, 22, 23, 24, 25 y 27. En cuanto a este último interrogatorio, se declara Con Lugar la objeción de Banco Popular de no producir documentos, memoriales, correspondencia, análisis u objetos preparados por la parte demandante o sus abogados que constituyan trabajo del abogado o tengan relación con las estrategias del litigio, por concluir que están cobijados bajo el privilegio abogado-cliente.[5]

En desacuerdo, la peticionaria presentó una *Moción de Reconsideración*[6] a la que se opuso BPPR[7] y que el TPI declaró no ha lugar[8].

En dicho contexto procesal, ARC presentó un *Certiorari Civil* en el que alega que el TPI cometió los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA PARTE RECURRIDA PROVEYÓ CONTESTACIONES ADECUADAS A LOS INTERROGATORIOS 21-25 Y 27 DEL PRIMER INTERROGATORIO.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER UN RECLAMO DE PRIVILEGIO QUE NO CUMPLE CON LAS REGLAS DE PROCEDIMIENTO CIVIL Y QUE HABÍA SIDO PREVIAMENTE DENEGADO MEDIANTE RESOLUCIÓN FINAL Y FIRME DEL 26 DE FEBRERO DE 2020 VIOLENTANDO SIN

---

[4] *Id.*, págs. 1481-1492.
[5] *Id.*, pág. 1495.
[6] *Id.*, págs. 1496-1506.
[7] *Id.*, págs. 1508-1513.
[8] *Id.*, págs. 1514-1516.

JUSTIFICACIÓN NI FUNDAMENTO EN DERECHO LA DOCTRINA DE LA LEY DEL CASO.

El recurrido no presentó el alegato en oposición a la expedición del auto en el término contemplado en nuestro Reglamento. En consecuencia, el recurso está perfeccionado y listo para adjudicación.

Luego de revisar el escrito de la peticionaria y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[9]

1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

---

[9] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[10] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[11] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[12]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[10] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[12] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

**B.**

En lo aquí pertinente, la Regla 23.3(a) de Procedimiento Civil dispone:

Información retenida. Cuando una parte retiene información requerida, reclamando que es materia privilegiada o protegida en contemplación de la preparación para el juicio, deberá hacer su reclamo de manera expresa y fundamentada especificando la naturaleza de los documentos, de las comunicaciones o de los objetos no producidos o revelados, de forma que, sin revelar información privilegiada, las demás partes puedan evaluar la aplicabilidad del privilegio o protección, y expresarse sobre éstos.[14]

Debido a que los privilegios paralizan el descubrimiento de ciertos actos, hechos o comunicaciones, la parte que pretenda la exclusión de cierta evidencia por ser materia privilegiada deberá presentar una objeción de manera oportuna.[15] Específicamente, deberá: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio en cuestión, y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación.[16] "Así, los tribunales debemos interpretar la existencia de un privilegio probatorio de manera

---

[13] *Torres González v. Zaragoza Meléndez*, supra, pág. 848; *Municipio v. JRO Construction*, supra; 4 LPRA Ap. XXII-B, R. 40.
[14] 32 LPRA Ap. V.
[15] *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021), citando a *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 899 (2017).
[16] *Ponce Advance Med. v. Santiago González, et al.*, supra, pág. 900.

restrictiva para no entorpecer la consecución de la verdad en los procesos judiciales. No se concederán privilegios de manera automática y sólo se reconocerán cuando se invoquen de manera certera y oportuna."[17] Ahora bien, en la medida en que surjan discrepancias entre las partes en torno a la existencia y el alcance del privilegio, "el tribunal tendrá que resolver si el poseedor del privilegio estableció, mediante preponderancia de la prueba, los elementos del privilegio que invoca".[18]

### C.

Finalmente, es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[19] Conviene destacar que "la discreción se fundamenta [,entre otras,] en el contacto con los litigantes y la prueba que se haya presentado"[20] ante el foro sentenciador. Por esta razón, se presume que el Tribunal de Primera Instancia conoce mejor las particularidades del caso y está en mejor posición para tomar las medidas necesarias que permitan

---

[17] *McNeil Healthcare v. Mun. Las Piedras I, supra,* pág. 407.
[18] *Ponce Advance Med. v. Santiago González, et al., supra.*
[19] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, 2023 TSPR 145, 213 DPR __ (2023); *Cruz Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 497 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 273 (2021); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 276 (2019); *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).
[20] *Citibank et al. v. ACBI et al., supra*, pág. 736.

cimentar el curso a trazar para llegar eventualmente a una disposición final.[21]

De modo que, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia salvo que incurra en algunas de las conductas previamente mencionadas y si a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación".[22]

**-III-**

Para la peticionaria, la resolución recurrida "está basada en premisas claramente incorrectas" al concluir que el recurrido "proveyó respuestas adecuadas" al interrogatorio que le fue cursado. Además, representa una infracción a la doctrina de la ley del caso al dejar sin efecto una Orden de 26 de febrero de 2020, que advino final y firme, que descartó la idoneidad de las respuestas provistas por el recurrido y reconoció el derecho de ARC "a obtener una respuesta completa al primer pliego de interrogatorio".

En la medida en que la idoneidad de la contestación a unos interrogatorios no es un asunto revisable al amparo de la Regla 52.1 de Procedimiento Civil, no atenderemos el primer señalamiento de error.

En cambio, por excepción y en el ejercicio de nuestra discreción, podemos revisar "asuntos relativos a privilegios evidenciarios".[23]

Sin embargo, luego de examinar atentamente el abultado expediente del caso de epígrafe, determinamos no ejercer nuestra facultad revisora. A nuestro

---

[21] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Mejías et al. v. Carrasquillo et al,* 185 DPR 288, 306-307 (2012). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, *supra.*
[22] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).
[23] *Supra.*

entender, ni el remedio, ni la disposición de la resolución recurrida son contrarios a derecho.[24] Además, la expedición del auto agravaría, aún más la "dilación indeseable" en la adjudicación "final del litigio".[25]

Finalmente, no se configura ninguna situación que justifique la expedición del auto solicitado al amparo de cualesquiera otros de los requisitos de la Regla 40 de nuestro Reglamento.

**-IV-**

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra.*
[25] *Supra.*