| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| CONSEJO DE TITULARES DEL CONDOMINIO MONT BLANC<br><br>Parte Recurrida<br><br>v.<br><br>TRIPLE-S PROPIEDAD, INC.<br><br>Parte Peticionaria | KLCE202500610 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2023CV00990<br><br>Sobre: Incumplimiento de Contrato Aseguradora Huracán María |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de junio de 2025.

La parte peticionaria, Triple-S Propiedad, Inc. (Triple-S), instó su recurso de *certiorari* el 3 de junio de 2025. Solicita que revisemos la *Resolución y Orden* emitida el 2 de mayo de 2025, y notificada el 5 de mayo de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante el aludido dictamen, el foro primario declaró con lugar la solicitud de descubrimiento de prueba presentada por el Consejo de Titulares del Condominio Mont Blanc (Mont Blanc) y, por consiguiente, ordenó a Triple-S a divulgar la prueba relacionada con la información de reservas y el proceso de reaseguros, limitado a las comunicaciones entre la aseguradora y su reasegurado sobre la póliza objeto de la demanda.

Con su petición de *certiorari,* Triple-S acompañó una *Moción solicitando orden provisional en auxilio de jurisdicción,* con el fin que ordenásemos la paralización de los procedimientos ante el TPI hasta tanto este Tribunal resolviese el recurso.

El 4 de junio de 2025, le concedimos a la parte recurrida un término para que compareciera y expusiera su posición en cuanto a

la solicitud de auxilio de jurisdicción y el recurso. Ante su inacción, damos por perfeccionado el recurso sin el beneficio de su posición.

Examinados los escritos de referencia, así como los documentos que fueron adjuntados al recurso, este Tribunal deniega la expedición del auto de *certiorari* y declara no ha lugar la *Moción solicitando orden provisional en auxilio de jurisdicción.*

## I.

En el contexto de una demanda en la que se reclama a una aseguradora el cumplimiento de los términos de una póliza de seguro de propiedad, Mont Blanc solicitó al TPI que ordenara a Triple-S descubrir la información relacionada al expediente de suscripción de la póliza, reaseguro y la reserva de pérdidas en reclamaciones.[1]

En su oposición a la solicitud de descubrimiento de Mont Blanc, Triple-S se allanó a divulgar el expediente de suscripción, pero se negó a entregar cualquier información sobre reserva de pérdidas y el proceso de reaseguro. Según la aseguradora, dicha información no es pertinente a la controversia planteada en la demanda y está cobijada por los privilegios abogado-cliente y secretos de negocio, así como por la doctrina del fruto del trabajo del abogado y del ajustador, según establecidos en las Reglas 503, 504, 505 y 513 de Evidencia de Puerto Rico, 32 LPRA Ap. VI.

Mediante la *Resolución y Orden* recurrida, el TPI declaró con lugar la solicitud de descubrimiento de prueba presentada por Mont Blanc y, por consiguiente, ordenó a Triple-S divulgar la prueba relacionada con la información de reservas y el proceso de reaseguros, limitado a las comunicaciones entre la aseguradora y su reasegurado sobre la póliza objeto de la demanda. Expresó el foro primario que:

---

[1] Apéndice del recurso, *Moción certificando cumplimiento con la Regla 34.1 y para que se ordene descubrir lo solicitado,* págs. 152-154.

En apoyo a esta determinación se cita, de forma persuasiva, la sentencia dictada por nuestro Tribunal de Apelaciones el 10 de abril de 2025 en *Villas de Mayagüez TLD v. MAPFRE Praico Insurance Co.,* KLCE202401214 consolidado con KLCE202401283 (Sentencia TA PR, 10 de abril de 2025). En dicho caso el apelativo revocó la resolución emitida por el Tribunal de Primera Instancia y mediante la cual se había declarado con lugar la solicitud de orden protectora presentada por la aseguradora. Por consiguiente, el Tribunal de Apelaciones autorizó el descubrimiento de prueba relacionado con la información de reservas y el proceso de reaseguros.

En dicho caso, al igual que el de autos, la aseguradora también alegó que la prueba de reaseguro es privilegiada porque forma parte de los secretos del negocio. Sin embargo, en dicho caso, al igual que el de autos, la aseguradora no cumplió con el peso de la prueba que corresponde a la parte que invoca un privilegio para evitar el descubrimiento de prueba.

Al igual que concluyó el apelativo en el caso de *Villas de Mayagüez,* y aunque estamos convencidos en el presente caso de la admisibilidad de la prueba, se debe de cumplir con las salvaguardas necesarias para garantizar los derechos de terceros o que no son parte de este pleito. Por consiguiente, se ordena la divulgación de la prueba relacionada con la información de reservas y el proceso de reaseguros, limitado a las comunicaciones entre la aseguradora y su reasegurado sobre la póliza objeto de la demanda.[2]

Inconforme, con lo resuelto, Triple-S presentó este recurso en el que alega que:

Primer error: El Tribunal de Primera Instancia erró y abusó de su discreción al ordenar la divulgación de la información relacionada a las reservas y el proceso de reaseguro en lo relacionado a la reclamación del Condominio Mont Blanc.

Segundo error: El Tribunal de Primera Instancia erró y abusó de su discreción al no haber evaluado y tomado en consideración que la información solicitada era privilegiada, por lo que debió haberse denegado su descubrimiento.

**II.**

**A.**

---

[2] *Íd., Resolución y Orden,* págs. 175-476.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[3]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[4] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro

---

[3] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[4] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[5]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[6] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

---

[5] *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).
[6] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[7] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[8]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[9] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[10] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[11]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[12]

---

[7] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[8] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[9] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).

[10] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular,* supra.

[11] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla,* supra, pág. 658.

[12] *SLG ZapataRivera v. J.F. Montalvo,* supra, citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)).

**c.**

La Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, dispone lo relacionado al descubrimiento de prueba. "El descubrimiento de prueba persigue [...]: (1) minimizar las controversias litigiosas; (2) obtener la evidencia que va a ser utilizada durante el juicio, evitando así posibles sorpresas; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia".[13]

Nuestras Reglas de Procedimiento Civil, "proveen una serie de mecanismos que las partes pueden utilizar para descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio".[14]

Es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal.[15] En virtud de ello, la Regla 23.1 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1 (a), establece lo siguiente:

> El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:
>
> (a) *En general.* Las partes podrán hacer descubrimiento sobre **cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente**, ya se refiera a la reclamación o defensa de cualquier otra parte, (...). No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. (Énfasis nuestro).

Es decir, el descubrimiento de prueba está limitado a dos aspectos: (1) que el asunto que se pretende descubrir sea pertinente a la controversia que se dirime, y (2) que no sea materia privilegiada.

---

[13] *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 203 2023); *Berríos Falcón v. Torres Merced,* 175 DPR 962, 971 (2009); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 152 (2000).

[14] *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 490 (2019) (Énfasis suprimido), *citando a Rivera y Otros v. Bco. Popular,* supra, págs. 151-152.

[15] *Rivera et al. v. Arcos Dorados et al.,* supra; *Scotiabank v. ZAF Corp. et al.,* supra.

El concepto de pertinencia se debe interpretar en términos amplios.[16] Por lo tanto, para que una materia pueda ser objeto de descubrimiento de prueba, basta con que exista una posibilidad razonable de relación con el asunto en controversia.[17] No obstante, "[e]l concepto de pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales: lograr la solución de las controversias de forma justa, rápida y económica".[18]

Por su parte, la materia privilegiada es "aquella que se encuentra dentro del alcance de alguno de los privilegios reconocidos en las Reglas de Evidencia".[19] La materia privilegiada, aunque fuera pertinente, queda excluida del alcance del descubrimiento de prueba.[20]

Los tribunales tienen amplia discreción para regular el ámbito del descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes.[21] La Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2, permite limitar el descubrimiento de prueba y autoriza al foro primario a emitir órdenes dirigidas a proteger a las partes u otras personas de hostigamiento, perturbación, opresión y gastos o molestias indebidas en el desarrollo del descubrimiento de prueba.[22] Específicamente, la Regla 23.2, *supra*, dispone, en lo pertinente, que:

> (a) El tribunal, a iniciativa propia o a solicitud de parte, podrá limitar el alcance de los métodos de descubrimiento de prueba si determina lo siguiente:
>
> (1) Que la prueba que se pretende descubrir es un duplicado de otra prueba o es irrazonablemente acumulativa;

---

[16] *ELA v. Casta*, 162 DPR 1, 12 (2004).
[17] *Íd.*, pág. 13.
[18] *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 40 (1986).
[19] *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 899 (2017).
[20] *Íd.*
[21] *Rivera et al. v. Arcos Dorados et al.,* supra, págs. 203-204; *Rivera y otros v. Bco. Popular,* 152 DPR 140, 154 (2000).
[22] *Ortíz Rivera v. ELA*, 125 DPR 65, 70–71 (1989).

(2) que la prueba puede obtenerse mediante otra forma más conveniente, menos onerosa y costosa para la parte a quien se le solicita;

(3) que la parte que solicita la prueba haya tenido oportunidad de obtenerla, o
(4) que los costos para obtener la prueba exceden el beneficio que ésta puede aportar al caso.

(b) A solicitud de una parte o de la persona en relación con la cual se utiliza el descubrimiento, presentada mediante moción acompañada, de una certificación indicativa de que esta ha intentado de buena fe resolver la controversia sobre el descubrimiento conforme lo dispuesto en la Regla 34.1 de este apéndice, y por justa causa, el tribunal podrá emitir cualquier orden que requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como cualquier molestia o gasto indebido. La orden del tribunal podrá incluir una o más de las medidas siguientes:
[…]

Cónsono con lo anterior, y como parte de la discreción concedida a los foros primarios en torno al descubrimiento de prueba, éstos están facultados para dictar cualquier orden que entienda justa o necesaria respecto a alguna parte que se negase a descubrir lo solicitado u ordenado.

**III.**

En su petición de *certiorari* Triple-S solicita la revisión de una resolución del TPI que ordenó que se lleve a cabo el descubrimiento de prueba solicitado por Mont Blanc sobre reaseguro y reserva de pérdidas.

Sin embargo, tal dictamen interlocutorio no está contemplado dentro de las instancias revisables al amparo de la citada Regla 52.1 de Procedimiento Civil, *supra.* Tampoco Triple-S ha demostrado la existencia de alguna de las circunstancias excepcionales dispuestas en la precitada regla que justifique intervenir con el trámite pautado por el foro recurrido. Es decir, no probó que la determinación interlocutoria recurrida pudiera afectar sustancialmente el resultado del pleito o conllevar asuntos fundamentales que

requieran su revisión inmediata para evitar un fracaso irremediable de la justicia.

Nuestro ordenamiento concede amplia discreción al TPI para regular el descubrimiento de prueba. Al ejercer tal facultad, está compelido a interpretar el concepto de pertinencia de manera cónsona con el objetivo de lograr una solución justa, rápida y económica de las controversias planteadas.

Acorde con lo anterior, no existen razones que justifiquen la intervención de este foro apelativo en esta etapa de los procedimientos. Siendo así, nos abstenemos de intervenir con el dictamen recurrido. Por lo tanto, declaramos no ha lugar la *Moción solicitando orden provisional en auxilio de jurisdicción.*

**IV.**

A la luz de lo expuesto, denegamos la expedición del auto de *certiorari* y declaramos no ha lugar la *Moción solicitando orden provisional en auxilio de jurisdicción.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Pagán Ocasio disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones