Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| KARIM ORTIZ ROSARIO<br><br>Demandante Peticionaria<br><br>v.<br><br>ORIENTAL BANK Y COMPAÑÍA ASEGURADORA XYZ; FULANO DE TAL, SUTANO DE CUAL<br><br>Demandada Recurrida | TA2025CE00057 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV00693<br><br>Sobre: Despido injustificado (Ley Núm. 80 de 30 de mayo de 1976, según enmendada) |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de julio de 2025.

Comparece la señora Karim Ortiz Rosario (señora Ortiz Rosario o Peticionaria) vía *certiorari* y solicita que revoquemos una *Orden* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 23 de junio de 2025. En dicho dictamen, el foro recurrido resolvió sin lugar una *Moción Solicitando Reconsideración* presentada por la Peticionaria. Por los fundamentos que expondremos, expedimos el auto de *certiorari* y revocamos la determinación impugnada.

En síntesis, el caso de epígrafe trata sobre una *Querella* incoada el 25 de enero de 2023, por la Peticionaria, al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, mejor conocida como la

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

*Ley Sobre Despidos Injustificados*, la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, mejor conocida como la *Ley de Represalias contra el Empleado por Ofrecer Testimonio*, y la ley Núm. 2 de 17 de octubre de 1961, según enmendada, mejor conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*. Posteriormente, el 6 de febrero de 2023, Oriental Bank (Oriental o Recurrido) presentó su *Contestación a Querella*.

Luego de varios trámites procesales, incluyendo la conversión del caso sumario a uno de trámite ordinario, el 6 de noviembre de 2023, el Recurrido presentó una *Solicitud de Orden Protectora*. Solicitó al Tribunal de Primera Instancia que emitiera una orden protectora para que la Peticionaria se abstuviese de difundir a personas o entidades ajenas al pleito el contenido de la información solicitada por esta en un Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos, y que dicha información fuese utilizada solamente para propósitos del caso. En esa misma fecha, el Tribunal recurrido emitió una *Orden* en la que declaró ha lugar la *Solicitud de Orden Protectora* presentada por Oriental.

La Peticionaria alega que, una vez comenzado el descubrimiento de prueba, esta le solicitó al Recurrido que identificara a toda persona que pudiera tener conocimiento de los hechos alegados en la *Querella* y la *Contestación a Querella*, así como los testigos con los que contaba para probar su teoría, y que para cada una de estas personas proveyera toda grabación o transcripción de las declaraciones realizadas por ellas. Luego de presentadas una *Moción de Sentencia Sumaria* y una *Moción en Oposición a Moción de Sentencia Sumaria*, junto con sus respectivas réplicas y dúplicas, la Peticionaria alegó que advino en conocimiento

que tres (3) de los testigos informados por Oriental en sus respuestas a interrogatorio, habían brindado declaraciones bajo juramento en unas deposiciones de un caso independiente relacionado, caso número SJ2023CV00486. Manifestó que, luego de conocer esto, le solicitó a Oriental que produjera las transcripciones de las referidas deposiciones. Tras una oposición del Recurrido a proveer los aludidos documentos, el 4 de marzo de 2025, la señora Ortiz Rosario presentó una *Moción Solicitando Orden de Producción de Transcripción de Deposiciones*, en la cual solicitó al foro recurrido que ordenara a Oriental a producir las transcripciones en cuestión.

El 24 de marzo de 2025, el Recurrido presentó su *Moción en Torno a "Moción Solicitando Orden de Producción de Transcripción de Deposiciones"*. En ella, se opuso a notificar las mencionadas transcripciones. Sin embargo, solicitó al Tribunal que, de entender que debieran ser notificadas, se le ordenara a la señora Ortiz Rosario a no divulgar toda la información que surgiera de ellas y que constituyera información privilegiada, confidencial, e información de terceros ajenos al caso de epígrafe. En lo sucesivo, el 10 de abril de 2025, el foro recurrido dictó una *Resolución y Orden*. En lo concerniente al caso ante nuestra consideración, dispuso que, con relación a las transcripciones de las deposiciones de los tres (3) testigos informados, tomadas en el mencionado caso relacionado SJ2023CV00486, procedía su producción de manera parcial.

Para estas transcripciones solo sería confidencial la información relacionada a secretos de negocios, información sensible de terceros que no son parte del caso de epígrafe, información relacionada a la unidad de SBA, investigaciones, políticas del banco e información de

la Junta de Directores, Oficiales y Directores del Banco. Así, ordenó al Recurrido a marcar o identificar como confidencial y no descubrible las secciones de las transcripciones que contuvieran la señalada información, y, además, ordenó su producción.

El 12 y 13 de mayo de 2025, Oriental proveyó las transcripciones de las deposiciones a la Peticionaria. Consiguientemente, el 22 de mayo de 2025, esta última presentó ante el foro recurrido una *Moción Urgente en Solicitud de Orden*. Alegó que Oriental no cumplió con lo ordenado por el Tribunal en la *Resolución y Orden* del 10 de abril de 2025, pues cubrió páginas de dichos documentos. En consecuencia, solicitó al Tribunal que, por el momento, la información cubierta se produjera solamente a los abogados de la Peticionaria y no a esta como tal.

En respuesta, el 2 de junio de 2025, el Recurrido presentó una *Oposición a "Moción Urgente en Solicitud de Orden"* a través de la cual arguyó que el foro recurrido ya había adjudicado esta controversia mediante el dictamen del 10 de abril de 2025, y que había cumplido con lo ordenado en la mencionada determinación. El 4 de junio de 2025, el Tribunal emitió una *Orden*, en la cual declaró No Ha Lugar la *Moción Urgente en Solicitud de Orden* presentada por la Peticionaria. El 19 de junio de 2025, la señora Ortiz Rosario presentó una *Moción Solicitando Reconsideración*, la cual fue declarada No Ha Lugar.

Insatisfecha, la Peticionaria recurre ante este Tribunal y alega que el foro recurrido erró al denegar la moción de reconsideración. Particularmente, señaló que procede la entrega íntegra de las transcripciones objeto de este recurso por tres (3) razones, a saber: 1) por estar comprendidas dentro de la información cubierta por la orden protectora del 6 de noviembre de 2023; 2) porque el Recurrido

incumplió con su deber de levantar el privilegio de secretos de negocio conforme a lo resuelto en *Ponce Adv. Med. v. Santiago González et al*, 197 DPR 891 (2017); y 3) porque el Tribunal de Primera Instancia erró al no resolver si Oriental estableció mediante "preponderancia de la prueba" los elementos del privilegio de secretos de negocio, conforme a lo resuelto en el referido caso.

El 8 de julio de 2025, el Recurrido presentó su *Memorando en Oposición a la Expedición del Auto de Certiorari*. En síntesis, argumentó que el asunto planteado por la Peticionaria no está comprendido en la Regla 52.1 de las de Procedimiento Civil; que lo solicitado está vedado por la Doctrina de la *Ley del Caso*; que lo solicitado por la Peticionaria es hecho a destiempo, luego de concluido el descubrimiento de prueba; que no es el momento adecuado para intervenir en el caso de epígrafe, pues en estos momentos se encuentra ante la consideración del foro recurrido una Moción de Sentencia Sumaria y su Oposición; que la evidencia presentada por la Peticionaria no colocó a este Tribunal en posición de justipreciar su reclamo; y, que la decisión del Tribunal de Primera Instancia es fruto de un razonable ejercicio discrecional y correcta en derecho.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento

Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

Por otro lado, en nuestro ordenamiento jurídico opera la norma general de un descubrimiento de prueba amplio y liberal. *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022). Véase, también, *Rivera y otros v. Bco. Popular*, *supra*. El descubrimiento de prueba persigue los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. *Rivera y otros v. Bco. Popular, supra* (citando a Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d Sec. 2001, 1994). Las partes así pueden prepararse para el juicio, de forma tal que tienen la oportunidad

de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. *Rivera y otros v. Bco. Popular, supra* (citando a *Moore's Federal Practice*: 3d Sec. 26.02, 1997).

Ahora bien, el descubrimiento de prueba no es ilimitado. *Alfonso Brú v. Trane Export, Inc*. 155 DPR 158 (2001). La Regla 23.1 de Procedimiento Civil (32 LPRA Ap. V, R 23.1) dispone que las partes podrán hacer descubrimiento de prueba sobre cualquier materia que no sea privilegiada y que sea pertinente al asunto en controversia. Regla 23.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Véase, también, *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021); *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 900 (2017). En cuanto a la materia privilegiada de la Regla 23.1 (a) de Procedimiento Civil, "se trata exclusivamente de los privilegios reconocidos en las Reglas de Evidencia". *E.L.A. v. Casta*, 162 DPR 1, 10 (2004).

No obstante, el privilegio no se concederá automáticamente, por lo que, se reconocerá solo cuando se invoque de manera certera y oportuna. *Ponce Adv. Med. v. Santiago González et al.*, *supra*, pág. 900. Cónsono con lo anterior, los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventaja para ninguna de las partes. *Rivera y otros v. Bco. Popular, supra*. Véase también, *McNeil Healthcare v. Mun. Las Piedras II*, *supra*.

Del expediente ante nuestra consideración se desprende que el Tribunal de Primera Instancia ordenó la notificación de las transcripciones en cuestión a la Peticionaria de manera parcial y en lo

que estimó un resguardo equilibrado de cierta información protegida. Sin embargo, la medida en que la transmisión de información concretamente efectuada suprimió información ingente, tanto el Peticionario como el propio Tribunal quedaron en situación de desconocer si las tachaduras quedaron dentro del marco de descubrimiento dispuesto. El ejercicio discrecional efectuado por el Tribunal al limitar el descubrimiento no supuso un exceso volitivo de su parte propiamente dicho, pero el dar por descontado que la información suprimida en el descubrimiento cumplía con los contornos de su propia orden sí constituyó un exceso discrecional. El foro recurrido debió haber examinado la información requerida al y ofrecida por el Recurrido, a fin de determinar si las partes que se pretenden suprimir cumplen con su orden de no divulgar materia confidencial y privilegiada. Ello era necesario para constatar si el descubrimiento efectuado supuso el acatamiento adecuado de la orden judicial de divulgación parcial.

Por tanto, se expide el auto de *certiorari* solicitado, se revoca la determinación impugnada y se devuelve el caso para que el Tribunal de Primera Instancia inspeccione en cámara la información requerida en el descubrimiento a fin de decidir, de acuerdo con su orden, qué materia es confidencial y privilegiada, así como cuál resulta descubrible.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones