ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| BANK OF AMERICA N.A.<br><br>Apelado<br><br>v.<br><br>JOSÉ ANÍBAL CAPELES HERNÁNDEZ T/C/C JOSÉ ANÍBAL CAPELE HERNÁNDEZ<br><br>Apelante | TA2025AP00602 | Recurso de *Apelación*, procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV00467<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de enero de 2026.

Comparece José Aníbal Capeles Hernández ("señor Capeles" o "Apelante") mediante *Apelación* y nos solicita que revoquemos la *Sentencia* dictada el 8 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI"). En virtud del aludido dictamen, el TPI, de manera sumaria, declaró Ha Lugar la demanda sobre cobro de dinero y ejecución de hipoteca instada por Bank of Amera N.A. ("Bank of America" o "Recurrido") en contra el señor Capeles.

Por los fundamentos que proceden, se *confirma* la *Sentencia* apelada.

**I.**

El 13 de febrero de 2024, Bank of America presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra del señor Capeles. En síntesis, expuso que, el 16 de octubre de 2001, el señor Capeles suscribió un pagaré hipotecario a favor de Pan American Financial Corp. Como garantía, señaló que se constituyó una hipoteca sobre un inmueble ubicado en el Barrio Lirios del municipio de Juncos. Manifestó que Bank of America es el custodio del pagaré y, por tanto, la entidad con derecho a exigir el cumplimiento del instrumento por ser su tenedor. Alegó que el señor Capeles dejó de efectuar los pagos estipulados desde el 1 de septiembre de 2023. Así dispuesto, arguyó que la deuda era una

vencida, líquida y exigible. De manera particular, señaló que el señor Capeles adeudaba la suma de $47,159.88, por concepto del principal, más intereses y otros cargos.

Tras los trámites de rigor, el 3 de marzo de 2025, Bank of America radicó una *Moción de Sentencia Sumaria*. En apoyo, presentó la siguiente prueba documental: (1) Pagaré Hipotecario; (2) Escritura de Hipoteca; (3) Certificación Registral del inmueble; (4) la notificación de la intención de acelerar el préstamo enviada al señor Capeles; y (5) una declaración jurada acreditando la deuda.

El 25 de marzo de 2025, el señor Capeles notificó una *Moción en Oposición de Moción Solicitando Sentencia Sumaria y para que se permita Descubrimiento de Prueba*. Notificó que, ese mismo día, le cursó a Bank of America un interrogatorio y requerimiento de producción de documentos. Arguyó que, para oponerse a la solicitud de sentencia sumaria, necesitaba realizar un descubrimiento de prueba. Siendo así, razonó que la solicitud de sentencia sumaria resultaba prematura, hasta tanto no recopilara la información y documentación necesaria para defenderse.

El 7 de abril de 2025, Bank of America instó una *Réplica a Moción en Oposición a Moción solicitando Sentencia Sumaria y para que se permita Descubrimiento de Prueba*. Sostuvo que, transcurrido el tiempo desde que el señor Capeles presentó su contestación a la demanda y desde que el Centro de Mediación de Conflictos devolvió el caso al foro de instancia, sin que el apelante cursara el descubrimiento de prueba que entendiera pertinente, procedía denegar lo peticionado por el señor Capeles. Manifestó, además, que el apelante no fundamentó las razones por las cuales necesita iniciar un descubrimiento de prueba en esta etapa de los procedimientos. Razonó que la petición del señor Capeles respondía a un intento de dilatar los procedimientos. Más aún, expuso que la solicitud de sentencia sumaria presentó prueba fehaciente en apoyo.

Atendida la réplica instada por Bank of America, el 21 de mayo de 2025, notificada el 23 de mayo de 2025, el foro de instancia dictó una *Orden* en virtud de la cual denegó permitir el descubrimiento de prueba. El 25 de mayo de 2025, el señor Capeles presentó una *Moción Urgente Informativa y en Reconsideración*

*de Orden.* Notificó que, el 24 de abril de 2025, Bank of America le solicitó una extensión de cuarenta y cinco (45) días para lograr remitir las contestaciones al interrogatorio y requerimiento de producción de documentos cursado. A su vez, reiteró la necesidad de llevar a cabo el descubrimiento de prueba y, para ello, solicitó un periodo de sesenta (60) días para su conclusión.

El 2 de junio de 2025, Bank of America radicó su *Oposición a Moción Urgente Informativa y en Reconsideración de Orden.* Explicó que, al momento de solicitar la referida extensión, el foro de instancia aún no se había expresado en torno a la solicitud para realizar el descubrimiento de prueba. Habiendo el TPI denegado dicha petición, reiteró que, en dicha etapa procesal no procedía el descubrimiento de prueba. Enfatizó que el señor Capeles tuvo amplia oportunidad para hacer un descubrimiento de prueba. Agregó que, mediante la solicitud de reconsideración, el apelante tampoco logró exponer razón alguna para realizar el descubrimiento de prueba, por lo que, demostró su intención de dilatar los procedimientos.

Aquilatados los argumentos, el 5 de septiembre de 2025, notificada el 8 de septiembre de 2025, el TPI, de manera sumaria, dictó una *Sentencia* mediante la cual declaró Con Lugar la demanda. Consecuentemente, le ordenó al señor Capeles el pago de $47,159.88 de principal; intereses al 8%, los cuales continúan acumulándose hasta el saldo total de la deuda; recargos a razón de 4% de cada pago vencido no recibido dentro de los quince (15) días después de la fecha de vencimiento; más las primas por seguro hipotecario y riesgo; recargos por demora; los créditos accesorios; adelantos hechos en virtud de la escritura de hipoteca y cualquiera otras cantidades pactadas en la escritura de hipoteca, desde la fecha antes mencionada y hasta la fecha de total pago de las mismas; más el 10% del principal para costas, gastos y honorarios de abogados pactados. Así dispuesto, le apercibió al señor Capeles que, de no pagar las cantidades adeudadas, se ordenaría la ejecución y venta en pública subasta del inmueble.

Inconforme, el 23 de septiembre de 2025, el señor Capeles radicó una *Moción Urgen en Reconsideración de Sentencia Sumaria.* El 22 de octubre de 2025, Bank of America instó su *Oposición a Moción en Reconsideración de*

*Sentencia Sumaria.* En respuesta, el 27 de octubre de 2025, dictaminó una *Resolución Interlocutoria* en virtud de la cual denegó la reconsideración peticionada por el apelante.

Insatisfecho aún, el 26 de noviembre de 2025, el señor Capeles acudió ante nos mediante *Apelación.* El apelante le imputó al foro de instancia la comisión del siguiente error:

> **Erró el Tribunal de Primera Instancia al dictar Sentencia por la vía sumaria y no permitir a la parte demandada-apelante concluir el descubrimiento de prueba, privando a la parte demandada de oponerse a la solicitud de sentencia sumaria con el beneficio de haber concluido el descubrimiento de prueba y de ser necesario tener su día en corte.**

El 7 de enero de 2026, Bank of America instó su *Alegato en Oposición a Recurso de Apelación.* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El mecanismo de sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones donde no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita. *Negrón Castro y otros v. Soler Bernardini y otros,* 216 DPR ____ (2025); 2025 TSPR 96. *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020). Mediante el mismo, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón, supra.* Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Íd.*

Al presentar una moción de sentencia sumaria, al amparo de la Regla 36.2 de Procedimiento Civil, *supra,* se deberá cumplir con los siguientes requisitos de forma: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual

se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687 (2019).

Al considerar la solicitud, el Tribunal deberá asumir ciertos los hechos no controvertidos que se encuentran sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). La inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Conforme a esta normativa procesal, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra.* Por el contrario, viene obligada a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud puesto que, de incumplir, corre el riesgo de que se dicte sentencia sumaria en su contra, de la misma proceder en derecho. *Íd.*

En la oposición a una solicitud de sentencia sumaria, el promovido debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *Íd.* Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* Al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe

actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su día en corte, componente integral del debido proceso de ley. *Íd.*

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193, 212 (2006). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "*casos complejos o aquellos en los que estén presentes cuestiones de interés público*". *Íd.*, pág. 579.

Por otro lado, sabido es que, cuando un Tribunal emita una sentencia, especificará los hechos que fueron probados y consignará separadamente sus conclusiones de derecho. Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Si el Tribunal deniega una moción de sentencia sumaria, no concede todo el remedio solicitado o no resuelve la totalidad del pleito, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, expresa que "será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos [...]". Lo anterior simplifica el desfile de prueba en el juicio, pues los hechos no controvertidos se consideran probados. *Ramos Pérez v. Univisión*, 178 DPR 200, 221 (2010).

Además, y según dispuesto por el Tribunal Supremo de Puerto Rico, los criterios de revisión apelativa ante una sentencia sumaria son los siguientes: (1) no se puede considerar prueba no presentada ante el nivel de instancia; (2) no se puede adjudicar hechos materiales en controversia; (3) la revisión apelativa es *de novo*; (4) se debe examinar el expediente de la manera más favorable hacia quien se opone a la solicitud de sentencia sumaria; (5) se debe observar que las

mociones cumplan con los requisitos de la Regla 36 de Procedimiento Civil de 2009, *supra,* y lo discutido en *SLG Zapata Rivera v. JF Montalvo, 189 DPR 414 (2013)*; (6) debe exponer los hechos materiales controvertidos y los incontrovertidos si los hubiese; y (7) ante un caso donde no existan hechos materiales en controversia, el tribunal apelativo procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119 (2015). Asimismo, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de formas codificados en la referida Regla 36, *supra*; 3) **revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos**; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas,* 199 DPR 664, 679 (2018).

(Énfasis suplido)

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *González Santiago v. Baxter Healthcare*, 202 DPR 281 (2019). A tal efecto, nuestra revisión es una *de novo*, y el análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Íd.* De esta manera, si encontramos que los hechos materiales realmente están incontrovertidos, debemos revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Negrón Castro y otros v. Soler Bernardini y otros, supra*; *González Santiago v. Baxter Healthcare, supra*.

**-B-**

El descubrimiento de prueba es un mecanismo auxiliar a las alegaciones que facilita la consecución de evidencia y la búsqueda de la verdad, evita las sorpresas en el juicio y perpetúa la prueba; su finalidad es precisar las cuestiones en controversia. *García Rivera et al. v. Enríquez Marín*, 153 DPR 323,

333 (2001). Aunque de ordinario el descubrimiento de prueba ocurre sin intervención del tribunal, los foros primarios gozan de amplia discreción para regularlo. *McNeil Healthcare, LLC v. Mun. de las Piedras*, 206 DPR 659, 672 (2021). Los foros apelativos no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto. *Íd.*

Éste debe ser amplio y liberal. *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 490 (2019); *Rivera Alejandro v. Algarín*, 112 DPR 830, 834 (1982). De conformidad con lo anterior, la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 23.1 (a), establece, en lo aquí atinente, que:

> (a) *En general.* Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

De la regla precitada surge que el descubrimiento de prueba solo está limitado a dos aspectos: (1) que lo que se pretende descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. *Scotiabank de Puerto Rico v. ZAF Corporation*, supra; *E.L.A. v. Casta*, 162 DPR 1, 9 (2004). Materia privilegiada es aquella que se encuentra dentro del alcance de alguno de los privilegios evidenciarios reconocidos en las Reglas de Evidencia. *Ponce Adv. Med. v. Santiago González*, 197 DPR 891, 899 (2017); *E.L.A. v. Casta*, 162 DPR 1, 10 (2004).

De otra parte, el concepto pertinencia conlleva el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del litigio, aunque no estén relacionados con las controversias específicas que han sido esbozadas en las alegaciones. *García Rivera et al. v. Enríquez Marín*, supra págs. 333-334. Basta con que exista una posibilidad razonable de relación con el asunto en controversia para que se considere pertinente. *Íd.* Lo anterior quiere decir que, tal cual lo expresa la Regla 23.1(a) de Procedimiento Civil, el

descubrimiento de prueba permite la entrega de materia que sería inadmisible en el juicio, si ésta conduce a prueba admisible. *Íd.*

**III.**

En el recurso que nos ocupa, la parte apelante aduce que el foro de instancia incidió al disponer del caso por la vía sumaria, sin haberle otorgado oportunidad de llevar a cabo un descubrimiento de prueba. Mediante su escueta discusión, aduce que las contestaciones a los interrogatorios y requerimientos de producción de documentos eran esenciales para lograr rebatir y oponerse a la solicitud de sentencia sumaria.

De entrada, señalamos que el apelante no presentó una oposición a la solicitud de sentencia sumaria. En otras palabras, el señor Capeles no intentó refutar el hecho de que había incumplido con los pagos acordados. Por el contrario, se limitó a argumentar que debía iniciar un descubrimiento de prueba, con el fin de lograr oponerse a lo peticionado por el recurrido. Más aún, el señor Capeles no trató de justificar la razón por la cual el descubrimiento de prueba era necesario o la prueba que, a su juicio, era pertinente para oponerse a lo alegado por Bank of America.

Sabido es que la falta de oposición a una solicitud de sentencia sumaria no es razón para disponer de una reclamación de manera sumaria. Ante la falta de oposición, el foro de instancia viene obligado a constatar que lo alegado por el promovente quedó adecuadamente evidenciado, conforme requiere la normativa procesal. Tras un examen sosegado de la solicitud de sentencia sumaria instada por Bank of America, somos del criterio que la misma, en apoyo de la prueba documental presentada, demostró que el señor Capeles incumplió con los pagos de la hipoteca, de manera tal que activó la cláusula de aceleración pactada por las partes.

Cabe destacar que, previo a la presentación de la solicitud de sentencia sumaria, el apelante tuvo amplia oportunidad para iniciar el descubrimiento de prueba. La solicitud de sentencia sumaria fue radicada posterior a que el señor Capeles presentara su *Contestación a Demanda* e, incluso, más de cuatro (4) meses después de que el Centro de Mediación devolviera la controversia al foro

de instancia. No obstante, el apelante esperó hasta que Bank of America solicitara la disposición sumaria de la controversia para cursar un interrogatorio y un requerimiento de producción de documentos. Siendo así, autorizar o denegar el comienzo del descubrimiento de prueba en esa etapa de los procedimientos recaía bajo la sana discreción del TPI.

Por todo lo cual, en el caso que nos ocupa, no encontramos indicio de que el foro de instancia abusó de su discreción al dictar Sentencia Sumaria, sin permitir que el apelante iniciara un descubrimiento de prueba. Al inspeccionar detenidamente el expediente, constatamos que la solicitud de sentencia sumaria y sus anejos establecieron que el apelante incumplió con la obligación asumida mediante pagaré hipotecario. En vista de que el expediente contiene prueba fehaciente de las partidas adeudadas y del incumplimiento del señor Capeles con la obligación contraída, no existía razón alguna para prolongar la resolución de la controversia. Ante ello, resulta forzoso concluir que el error señalado no fue cometido.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia*, se *confirma* la determinación apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones